MAINTENANCE MANAGEMENT, INC., Appellant,

v.

TEXAS EMPLOYMENT COMMISSION et al., Appellees.

No. 15857.

Court of Civil Appeals of Texas, San Antonio.

Oct. 19, 1977.

Rehearing Denied Nov. 16, 1977.

S. Ancil Middlebrook, San Angelo, for appellant.

John L. Hill, Atty. Gen., Martha E. Smiley, Austin, for appellees.

MURRAY, Justice.

This suit was filed by appellant, Maintenance Management, Inc., against appellees, Texas Employment Commission et al., in the district court of Val Verde County, Texas, wherein appellant sought relief from the administrative ruling of the Texas Employment Commission holding that appellant had not timely contested the claims filed with the Texas Employment Commission by the named individual employees of appellant. The final orders of the Texas Em-

ployment Commission dismissed appellant's appeals on jurisdictional grounds.

Appellant is a corporation with its principal office located in San Angelo, Texas and is engaged in janitorial work, property management, and apartment rentals. Appellant had been in operation over 12 years and had expanded to the cities of Del Rio and others. Appellant obtained a contract with the Val Verde Memorial Hospital in Del Rio to perform cleaning maintenance and had employed at that site between 12 and 14 people.

On or about April 8, 1974, appellant was notified that its contract with Val Verde Hospital had been cancelled. Mr. John L. Iman, who was president of the corporation and its working manager, was in Del Rio on Monday following Easter Sunday of 1974, and at approximately noon on that day visited the Texas Employment Commission office in Del Rio, which is located in a community center and consisted of one room with numerous desks and no partitions. There was a sign on the door which stated "Texas Employment Commission" and one person in the room who introduced himself as Juan Gaitan. Mr. Iman explained to Mr. Gaitan that his corporation had lost the contract with the hospital; that it was likely that his employees would be filing claims; and that he would like to know how they should be handled. Mr. Gaitan stated "[w]ait and handle all the claims at one time." Mr. Iman left and returned to San Angelo.

Mr. Iman had had dealings with the Texas Employment Commission before and was aware of the procedures to be followed when an unemployment claim was filed with the Commission. However, this occasion was the first time that he contemplated numerous claims being filed at approximately the same time. Some time passed and the claims began to come in, and when they were received by the corporation, Mr. Iman kept them and waited for all of them to be filed. During this period, Mr. Iman learned that Mr. Juan Gaitan was not em-

ployed by the Texas Employment Commission, that he was some type of employee of the State of Texas, but was at no time an employee of the Texas Employment Commission. After the discovery that Mr. Gaitan had no authority in the Texas Employment Commission, appellant commenced filing appeals from the refusal of the Texas Employment Commission to entertain hearings on the merits. After the trial of this cause before the court, without a jury, the court held in favor of the Texas Employment Commission, from which judgment of the trial court appellant has timely perfected this appeal.

Appellant's point of error in this case is that the court erred in dismissing the suit for lack of jurisdiction on the ground that appellant had not filed its objections to the individual employees' claims timely, as prescribed by Art. 5221b–4.(b), Tex.Rev.Civ. Stat.Ann. (1971), and had not timely protested the notice of chargeback regarding the individual employees' claims, as prescribed by Art. 5221b–5.(c)(2)(B).

Art. 5221b–4.(b) provides:

If the individual or organization to which such notice is mailed has knowledge of any facts that may adversely affect such claimant's right to benefits, or that may affect a charge to its account, it shall notify the Commission of such facts promptly. If such individual or organization does not mail or deliver such notification to the Commission within ten (10) days from the date notice of claim was mailed to it by the Commission, such individual or organization shall be deemed to have waived all rights in connection with such claim,   .   .   .   .

Art. 5221b–5.(c)(2)(B) provides:

If any such employer desires to protest his potential chargebacks, he shall, within ten (10) days after such notice was mailed to him, mail his protest, including a statement of the facts upon which his protest is based, to the Commission at Austin, Texas. Any employer who does not protest his potential chargebacks within ten

(10) days after notice was mailed to him shall be deemed to have waived his right to protest such chargebacks.

It is conceded that appellant did not comply with the ten day provisions, but appellant claims that the appellees are estopped to invoke the ten day provision because of the action of Mr. Gaitan.

■ It is the settled law of this State that the actions and decisions of the Texas Employment Commission are governed by the substantial evidence rule; a rule of law by which the courts have limited their power to review an administrative agency's orders and decisions in the exercise of the discretion granted to the particular agency by the Legislature. *Railroad Commission v. Shell Oil Co.*, 139 Tex. 66, 161 S.W.2d 1022 (1942); *Todd Shipyards Corp. v. Texas Employment Commission*, 245 S.W.2d 371 (Tex. Civ.App.—Galveston 1951, writ ref'd n. r. e.).

■ A decision was handed down on January 29, 1976 by the Commission dismissing appellant's appeal for lack of jurisdiction. The order of the Commission clearly shows that it considered appellant's claim of estoppel.

We hold that there was reasonable evidence to support the decision of the Commission that appellant waived its right to contest the claims by failure to respond within ten days of mailing.

The judgment of the trial court is affirmed.