TEXAS EMPLOYMENT COMMISSION,
Appellant,

v.

Felipe C. ORTIZ, Appellee.

No. 1344.

Court of Civil Appeals of Texas,
Corpus Christi.

Nov. 2, 1978.

Myra A. McDaniel, Asst. Atty. Gen., Austin, for appellant.

Pedro P. Garcia, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This appeal arises in an unemployment compensation case. On January 26, 1977, the Texas Employment Commission ruled adversely to Felipe C. Ortiz, a claimant before the Commission. The latter appealed to the County Court at Law of Nueces County, Texas. Following a hearing before the court, judgment was rendered which vacated the decision of the Commission and ordered the Commission to hold a hearing on the merits of the claim asserted by Felipe C. Ortiz. The Commission has appealed. We reverse and render.

The controlling question before us is whether the "Appeal Tribunal" of the Commission had jurisdiction to rule on the merits of the claim asserted by Felipe C. Ortiz. We answer that question in the negative.

Tex.Rev.Civ.Stat.Ann. art. 5221b–4(b) (1971), in pertinent part, reads:

\* \* \* \* \* \*

"Unless the claimant . . . to which the copy of the determination is mailed files an appeal from such determination within twelve (12) calendar days after such copy of the determination is mailed to his or its last known address as reflected by the Commission's records, such determination shall be final for all purposes . . ."

\* \* \* \* \* \*

It is contended by the Commission that neither it nor its "Appeal Tribunal" had jurisdiction to hear the appeal of the claim

on its merits because the appeal from the "Examiner" to the "Appeal Tribunal" was not filed within the statutory time limitation period.

Ortiz began receiving unemployment insurance checks from the Commission in December, 1975. Payments were made until August 1, 1976. He was mailed a "Notice of Claim Determination" from the Commission's Insurance Department, the "Examiner" in this case, on August 23, 1976, wherein he was advised that he was no longer eligible to receive unemployment insurance benefits, "beginning June 20, 1976." Ortiz did not appeal from that ruling by the Examiner.

The "Examiner" mailed a "Determination Letter" to Ortiz on September 22, 1976. That fact was admitted by Ortiz. The letter was addressed:

"Felipe C. Ortiz
503 N. Buena Vista
Robstown, Texas 78380."

That address was the claimant's last known address as reflected by the Commission's records. The letter advised Ortiz that he had been overpaid unemployment insurance benefits in the amount of $378.00 as a result of payments made to him before it was determined by the "Examiner" that his ineligibility for benefits commenced June 20, 1976. Demand was made on him for the return of the $378.00 overpayment. Ortiz appealed that ruling on October 7, 1976. The "Appeal Tribunal" affirmed the ruling made by the Examiner and stated in its decision:

"It is here determined that the claimant did not file a timely appeal from the overpayment determination dated September 22, 1976. This Tribunal, therefore, has no jurisdiction to rule on the merits of the case. The determination dated September 22, 1976, will remain in full force and effect."

Ortiz timely appealed the decision by the "Appeal Tribunal" to the Commission, which affirmed the decision, and, in doing so, stated in its decision:

"The Commission has considered the appeal filed by the claimant from the Appeal Tribunal decision identified above and, after due consideration of the decision and the complete record herein, is of the opinion that the case was properly decided by the Appeal Tribunal . . ."

■ Unquestionably, the Commission, an administrative body, has the power and authority to determine for itself whether it has jurisdiction of the matter before it. *Security State Bank of San Juan,* 169 S.W.2d 554 (Tex.Civ.App.—Austin 1943, writ ref'd w. o. m.); 73 C.J.S. Public Administrative Bodies and Procedure § 116.

■ It is undisputed that the appeal to the "Appeal Tribunal" on October 7, 1976, was filed 15 days after the mailing of the Determination Letter, dated September 22, 1976. This is 3 days beyond the time for such an appeal. The time within which to appeal a ruling made by the "Examiner" to the "Appeal Tribunal" is expressly limited by the statute (Art. 5221b–4(b)) to 12 days. That limitation period comes under the accepted rule that statutory proceedings are strictly governed by the statute of their creation. *Texas Employment Commission v. International U. of E., R. & M. Wkrs.,* 163 Tex. 135, 352 S.W.2d 252 (1961).

■ It is an established rule of long standing in this State that when a statute requires that an act be done within a certain specified time, that period of time will not be extended unless the statute so provides. *Nunn v. New,* 148 Tex. 443, 226 S.W.2d 116 (1950). The statute here involved does not contain any provision for the extension of time beyond 12 days for an appeal from the "Examiner's" decision to the "Appeal Tribunal."

Apparently, the precise point presented by this appeal has not been determined by any appellate court in Texas. However, there are two cases, hereinafter discussed, which are highly persuasive in our disposition of this appeal.

In the recent case of *Maintenance Management, Inc. v. Texas Employment Commission,* 557 S.W.2d 561 (Tex.Civ.App.—San

Antonio 1977, writ ref'd n. r. e.), the Court held that the 10-day time limits provided by Tex.Rev.Civ.Stat.Ann. art. 5221b–4(b) and art. 5221b–5(c)(2)(B) (1971) are jurisdictional where an employer did not timely file with the Commission his objections to certain claims made by an individual and did not timely protest the notice of a certain chargeback determination.

In *Lambeth v. Texas Unemployment Compensation Commission*, 362 S.W.2d 205 (Tex.Civ.App.—Waco 1962, writ ref'd), it was held that the 10-day time limit within which to commence an action in a court against the Commission, as provided by Tex.Rev.Civ.Stat.Ann. art. 5221b–4(i) (1971), is jurisdictional.

We believe that both *Maintenance Management, Inc.,* and *Lambeth* are in point and that the rules announced in those cases should be applied here. In the former case, another paragraph of the identical subdivision (b) of the statute involved in the instant case was involved. In the latter case, subdivision (i) was involved. Both cases hold that the time limits imposed by the particular subsection of the statute, art. 5221b–4, are jurisdictional. There is no reason why the same decision should not be made in this case. We see no distinction between a time limit for an appeal from a subordinate department of the administrative body to an appeal tribunal within the body, and a time limit for an appeal from the decision by an administrative body to the court.

 The 12-day time limitation is jurisdictional. We interpret the statute to mean that an appeal from a decision made by an "Examiner" to the "Appeal Tribunal" must be filed within 12 days from the mailing of the "Examiner's" decision to the claimant in order to confer jurisdiction on the "Appeal Tribunal" to hear the claim on its merits. Here, it is conceded by Ortiz and established by undisputed evidence that Ortiz, the claimant, did not appeal the ruling by the "Examiner" to the "Appeal Tribunal" within 12 days from the mailing of the "Determination Letter" to him on September 22, 1976. The "Appeal Tribunal" did not have jurisdiction to hear or consider the claimant's claim on its merits.

The trial court should have dismissed the appeal by Ortiz from the decision rendered by the Commission. There was substantial evidence to support the decision by the Commission that the "Appeal Tribunal" did not have jurisdiction to hear the appeal on its merits.

The judgment of the trial court is REVERSED, and judgment is here RENDERED that the appeal by Ortiz of the decision by the Commission be, and the same is, hereby dismissed, and that Felipe C. Ortiz, plaintiff take nothing by his suit.

REVERSED and RENDERED.