**Marvinell BROWN, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Houston Independent School District, Appellees.**

**No. C14–90–159–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 8, 1990.

Rehearing Denied Dec. 6, 1990.

Marvinell Brown, Houston, for appellant.

Frankie Vanderford, Austin, Charlotte C. Orr, Lisa A. Brown, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

CANNON, Justice.

Marvinell Brown appeals from a summary judgment granted in favor of the Texas Employment Commission ("TEC") and Houston Independent School District ("HISD"). The trial court granted summary judgment on the grounds that the time for Brown to file her suit had passed and that she failed to join an indispensable party. In five points of error, Brown claims the trial court erred in granting summary judgment because she was unaware of the time limitations and the necessity of joining all parties. We affirm.

Brown applied to the TEC for unemployment benefits. After reviewing her case, the TEC sent her two determination letters. Both were mailed April 25, 1989. One letter stated that Brown was eligible to receive benefits under section 4(c) of the Texas Unemployment Compensation Act, TEX. REV.CIV.STAT.ANN. art. 5221b–2(c) (Vernon Supp.1989) ("the act"). The second letter stated that Brown was disqualified from

receiving benefits under section 5(a) of the act because she voluntarily left her employment with HISD for reasons not constituting good cause. The letters contained the following recitation:

## INFORMATION ABOUT
## APPEAL RIGHTS

Either the claimant or the employer may appeal this determination, but such appeal **must be filed in writing within 14 calendar days after the "date mailed" shown below.** Each "Texas Employment Commission Notice of Claim Determination" must be appealed separately. If this document is appealed, the claimant should continue to file claims if still unemployed. (emphasis in original)

Brown did not file an administrative appeal until May 30, 1989, several weeks after the deadline had passed. Because her filing was late, the appeal tribunal dismissed her appeal for want of jurisdiction. The appeal tribunal decision was mailed on June 17, 1989. That decision stated that it would become final unless Brown appealed within fourteen days. Brown appealed the appeal tribunal decision to the TEC, which held that her claim was properly dismissed. The final determination from the TEC denying a rehearing was mailed to Brown on September 14, 1989. That determination informed Brown that her only recourse was to file a lawsuit within fourteen days. Brown filed suit against TEC on October 11, 1989, twenty-seven days after the final determination was mailed. Brown did not join HISD as a defendant in the lawsuit until November 27, 1989.

In her first through fifth points of error, Brown claims the trial court erred in granting summary judgment because she was not aware of the procedure regarding appeal to the TEC, or her remedy to file a lawsuit after the TEC decision became final. Appeals from orders of the TEC are governed by the substantial evidence rule. *Texas Employment Commission v. Holberg*, 440 S.W.2d 38, 42 (Tex.1969). For an appealing party to prevail, she must show that the TEC's decision was not reasonably supported by substantial evidence. *Circui-*

*tronics, Inc. v. Texas Employment Commission*, 561 S.W.2d 555, 556 (Tex.Civ.App. —Dallas 1978, writ ref'd n.r.e). In other words, Brown must show to the trial court that the TEC's decision was arbitrary, unreasonable, capricious and was made without regard to the facts or law. *See De Leon v. Texas Employment Commission*, 529 S.W.2d 268, 270 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

Article 5221b–4 of the Texas Revised Civil Statutes prescribes a two step procedure for review of a TEC decision. First, an aggrieved party must file an administrative appeal within fourteen calendar days after the TEC decision is mailed. After exhausting her administrative remedies, a party may appeal to the courts by filing a lawsuit within fourteen days after the TEC decision becomes final. TEX.REV.CIV.STAT.ANN. art. 5221b–4(i) (Vernon Supp.1990). Article 5221b–4(i) also requires any party to the proceeding before the TEC be made a party in the lawsuit.

Brown does not dispute that she filed her appeal with the TEC after the time limit had expired. She also does not dispute that the lawsuit was untimely filed and that HISD was not joined as a party until after time to file suit had passed. Brown claims she did not receive proper notice of the TEC decision because TEC sent her two letters, one claiming she was eligible for benefits and the other claiming she was disqualified. Brown claims she did not know which letter was true and that she was not aware that she needed to appeal the decision because the first letter said she was eligible for benefits. Both letters, however, state in bold type that an appeal of the determination "must be filed in writing within 14 calendar days after the date mailed" or the determination will become final. The date mailed was clearly stamped on each letter as April 25, 1989. Brown did not file her appeal with the TEC until May 30, 1989, more than one month later. Although the letters appeared contradictory to Brown, the letter stating she was disqualified from receiving benefits was sufficient to put her on notice that she should file an appeal. Further, the notice

of appeal rights stated on the letter was sufficient to notify Brown of her right to appeal and the time limit on the appeal.

Brown further complains that the TEC notified her of two different times during which she could appeal, making it impossible for her to determine which time-table she should follow. Article 5221b–4(b) requires that an aggrieved party file an administrative appeal within fourteen calendar days after the TEC determination is mailed. Article 5221b–4(i) requires that an appeal to the trial court be filed within fourteen days after the TEC decision becomes final. Failing to timely appeal the initial determination leaves both the TEC and the trial court without jurisdiction to hear the case. *Texas Employment Commission v. Ortiz*, 574 S.W.2d 213, 215 (Tex. Civ.App.—Corpus Christi 1978, no writ).

Brown also claims that her case should not be barred because she failed to timely join an indispensable party. Brown claims that fairness and the right to have her case heard on its merits should allow an amended late joinder. Article 5221b–4(i) states that the former employer, who was a party before the TEC, shall be made a defendant to a judicial appeal. Because appellant's employer, HISD, was a party to the proceeding before the TEC, HISD was an indispensable party for the appeal to the trial court. Without joinder of indispensable parties, the court has no jurisdiction. *Texas Catastrophe Property Ins. Ass'n v. Council of Co–Owners*, 706 S.W.2d 644, 646 (Tex.1986). Brown amended her petition to join HISD, but not until a month after the limitations period had expired.

Brown further claims that she did not receive fair consideration by the trial court because she was not represented by an attorney. Parties who represent themselves must comply with the applicable law and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). Pro se litigants are held to the same standards as licensed attorneys. *Kanow v. Brownshadel*, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no writ). Requiring Brown to follow the statute did not infringe on her right to appeal, nor did her pro se status entitle her to special consideration from the court. Thus, Brown was not treated unfairly or arbitrarily in violation of due process.

Because Brown's appeal to the TEC was filed after the fourteen day time period had expired, we conclude that the trial court did not act arbitrarily in finding that it lacked jurisdiction over Brown's appeal. Further, because Brown filed her lawsuit in the trial court after the appropriate time period had expired and Brown failed to join all indispensable parties, we conclude that the trial court did not err in granting summary judgment in favor of TEC and HISD. We overrule points of error one through five.

The judgment of the trial court is affirmed.