MCELROY V. TWC AND LEWISVILLE ISD

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-234-CV

ROBERT LEE MCELROY JR. APPELLANT

V.

TEXAS WORKFORCE COMMISSION APPELLEES

AND LEWISVILLE INDEPENDENT 

SCHOOL DISTRICT 

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this unemployment compensation case, Robert Lee McElroy Jr. appeals the trial court’s order dismissing his suit for want of jurisdiction.  In a single issue, McElroy complains that the trial court erred by determining that it lacked subject matter jurisdiction over his case, even though he admittedly did not timely appeal the Texas Workforce Commission’s decision denying him unemployment benefits.  We affirm.

After McElroy filed a claim for unemployment benefits, a TWC claims examiner determined on May 29, 2003, that McElroy was ineligible for benefits from May 4-10, 2003.  In addition, on June 13, 2003, the examiner determined that McElroy was ineligible for benefits beginning on June 1, 2003.  These determinations stated that McElroy had until June 12, 2003, and June 27, 2003, respectively, to appeal them to the TWC’s Appeal Tribunal.  

McElroy readily admits that he did not appeal the determinations to the Appeal Tribunal until January 2004, nearly seven months after his appeal deadline had passed.  After a hearing, the Appeal Tribunal issued a decision concluding that the determinations had become final fourteen days after they were mailed to McElroy because he did not appeal them within the fourteen-day period.  Therefore, the Appeal Tribunal ruled that the May 29 and June 13, 2003 determinations remained in full force and effect. 

McElroy then appealed to the TWC Commissioners, who, in turn, affirmed the  Appeal Tribunal’s decision.  Thereafter, McElroy filed the underlying lawsuit.  In response, the TWC filed a plea to the jurisdiction, alleging that the trial court lacked subject matter jurisdiction over McElroy’s suit because he had not timely appealed the May 29 and June 13, 2003 determinations.
(footnote: 2)  The trial court granted the plea and dismissed McElroy’s suit.  This appeal followed.   Subject matter jurisdiction is a question of law that we review de novo.
(footnote: 3) 
Section 212.053 of the Texas Unemployment Compensation Act (the Act) provides that a TWC claims examiner’s determination regarding eligibility for unemployment benefits “is final for all purposes” unless the claimant appeals from the determination by the fourteenth calendar day after a copy of the determination was mailed to the claimant.
(footnote: 4)  The fourteen-day deadline is jurisdictional; failure to comply with it precludes both further review within the TWC hierarchy and judicial review.
(footnote: 5)  This is because the failure to comply with the 14-day deadline constitutes a failure to exhaust administrative remedies.
(footnote: 6) 
 A party may not obtain judicial review of a TWC decision unless the party has exhausted all administrative remedies as required by the Act.
(footnote: 7)
 In this case, it is undisputed that McElroy did not appeal either of the TWC examiner’s determinations within the fourteen-day deadline, but instead waited seven months to appeal.  Therefore, McElroy failed to exhaust his administrative remedies, and the trial court properly concluded that it lacked jurisdiction over the appeal.
(footnote: 8)  We overrule McElroy’s issue and affirm the trial court’s dismissal order.

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED:  February 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The school district moved to adopt the TWC’s plea to the jurisdiction, and the trial court’s order grants the plea to the jurisdiction as to both appellees.  Accordingly, for simplicity, our references herein to the TWC include both appellees.

3:
Mayhew v. Town of Sunnyvale,
 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied,
 526 U.S. 1144 (1999).

4:
Tex. Lab. Code Ann.
 §§ 201.001, 212.053 (Vernon 1996).  McElroy does not dispute that he received copies of both of the examiner’s determinations in sufficient time to comply with the fourteen-day deadline.

5:
Brown v. Tex. Empl. Comm’n,
 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied); 
Tex. Empl. Comm’n v. Ortiz,
 574 S.W.2d 213, 214-15 (Tex. Civ. App.—Corpus Christi 1978, no writ); 
see also
 
Heart Hosp. IV, L.P. v. King,
 116 S.W.3d 831, 837 (Tex. App.—Austin 2003, pet. filed) (holding that the Act’s 14-day deadline for appealing TWC’s final determination to trial court is jurisdictional prerequisite for seeking judicial review); 
Boyd v. Winn Dixie Stores, Inc.,
 No. 11-03-00283-CV, 2004 WL 2359990, at *1 (Tex. App.—Eastland Oct. 21, 2004, pet. denied) (mem. op.) (same).

6:
See Van ISD v. McCarty,
 165 S.W.3d 351, 353-54 (Tex. 2005) (holding that former employee’s failure to exhaust administrative remedies by complying with school district’s seven-day deadline for appealing employment termination decisions deprived trial court of jurisdiction over case).

7:
Tex. Lab. Code Ann.
 § 212.203 (Vernon 1996).

8:
Brown,
 801 S.W.2d at 8; 
Ortiz,
 574 S.W.2d at 214-15; 
accord Van ISD v. McCarty,
 165 S.W.3d at 353-54.

The cases on which McElroy relies are inapposite because, unlike section 212.053, the statutes involved in those cases did not specify any adverse consequences for noncompliance.  
See Helena Chem. Co. v. Wilkins,
 47 S.W.3d 486, 495 (Tex. 2001); 
Albertson’s, Inc. v. Sinclair,
 984 S.W.2d 958, 961-62 (Tex. 1999); 
Hines v. Hash,
 843 S.W.2d 464, 467-68 (Tex. 1992).  If a statutory provision requires an act to be performed within a certain time without any words restraining the act’s performance thereafter, the provision generally is not jurisdictional.  
Helena Chem. Co.,
 47 S.W.3d at 495.  McElroy’s reliance on 
Att’y Gen. of Tex. v. Orr,
 989 S.W.2d 464 (Tex. App.—Austin 1999, no pet.) is likewise misplaced.  That case involved appellate rule 30, which is not at issue here, and the attorney general had complied with all statutory requirements at issue.  
Id.
 at 466, 469.