COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-234-CV

 

 

ROBERT LEE MCELROY JR.                                                   APPELLANT

 

                                                   V.

 

TEXAS WORKFORCE
COMMISSION                                         APPELLEES

AND
LEWISVILLE INDEPENDENT 

SCHOOL DISTRICT                                                                              

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In this unemployment
compensation case, Robert Lee McElroy Jr. appeals the trial court=s order dismissing his suit for want of jurisdiction.  In a single issue, McElroy complains that the
trial court erred by determining that it lacked subject matter jurisdiction
over his case, even though he admittedly did not timely appeal the Texas Workforce
Commission=s decision
denying him unemployment benefits.  We
affirm.








After McElroy filed a claim
for unemployment benefits, a TWC claims examiner determined on May 29, 2003,
that McElroy was ineligible for benefits from May 4-10, 2003.  In addition, on June 13, 2003, the examiner
determined that McElroy was ineligible for benefits beginning on June 1,
2003.  These determinations stated that
McElroy had until June 12, 2003, and June 27, 2003, respectively, to appeal
them to the TWC=s Appeal
Tribunal.  

McElroy readily admits that
he did not appeal the determinations to the Appeal Tribunal until January 2004,
nearly seven months after his appeal deadline had passed.  After a hearing, the Appeal Tribunal issued a
decision concluding that the determinations had become final fourteen days
after they were mailed to McElroy because he did not appeal them within the fourteen-day
period.  Therefore, the Appeal Tribunal
ruled that the May 29 and June 13, 2003 determinations remained in full force
and effect. 













McElroy then appealed to the
TWC Commissioners, who, in turn, affirmed the 
Appeal Tribunal=s
decision.  Thereafter, McElroy filed the
underlying lawsuit.  In response, the TWC
filed a plea to the jurisdiction, alleging that the trial court lacked subject
matter jurisdiction over McElroy=s suit because he had not timely appealed the May 29 and June 13, 2003
determinations.[2]  The trial court granted the plea and
dismissed McElroy=s suit.  This appeal followed.    Subject
matter jurisdiction is a question of law that we review de novo.[3]
Section 212.053 of the Texas Unemployment Compensation Act (the Act) provides
that a TWC claims examiner=s determination regarding eligibility for unemployment benefits Ais final for all purposes@ unless the claimant appeals from the determination by the fourteenth
calendar day after a copy of the determination was mailed to the claimant.[4]  The fourteen-day deadline is jurisdictional;
failure to comply with it precludes both further review within the TWC
hierarchy and judicial review.[5]  This is because the failure to comply with
the 14-day deadline constitutes a failure to exhaust administrative remedies.[6]
 A party may not obtain judicial review
of a TWC decision unless the party has exhausted all administrative remedies as
required by the Act.[7]

In this case, it is
undisputed that McElroy did not appeal either of the TWC examiner=s determinations within the fourteen-day deadline, but instead waited
seven months to appeal.  Therefore,
McElroy failed to exhaust his administrative remedies, and the trial court
properly concluded that it lacked jurisdiction over the appeal.[8]  We overrule McElroy=s issue and affirm the trial court=s dismissal order.

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; LIVINGSTON and HOLMAN, JJ.

DELIVERED: 
February 2, 2006











[1]See Tex. R. App. P. 47.4.





[2]The
school district moved to adopt the TWC=s plea to the jurisdiction,
and the trial court=s
order grants the plea to the jurisdiction as to both appellees.  Accordingly, for simplicity, our references
herein to the TWC include both appellees.





[3]Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert.
denied, 526 U.S. 1144 (1999).





[4]Tex. Lab. Code Ann. ''
201.001, 212.053 (Vernon 1996).  McElroy
does not dispute that he received copies of both of the examiner=s
determinations in sufficient time to comply with the fourteen-day deadline.





[5]Brown
v. Tex. Empl. Comm=n, 801
S.W.2d 5, 8 (Tex. App.CHouston
[14th Dist.] 1990, writ denied); Tex. Empl. Comm=n v.
Ortiz, 574 S.W.2d 213, 214-15 (Tex. Civ. App.CCorpus
Christi 1978, no writ); see also Heart Hosp. IV, L.P. v. King,
116 S.W.3d 831, 837 (Tex. App.CAustin 2003, pet. filed)
(holding that the Act=s
14-day deadline for appealing TWC=s final determination to trial
court is jurisdictional prerequisite for seeking judicial review); Boyd v.
Winn Dixie Stores, Inc., No. 11-03-00283-CV, 2004 WL 2359990, at *1 (Tex.
App.CEastland
Oct. 21, 2004, pet. denied) (mem. op.) (same).





[6]See
Van ISD v. McCarty, 165 S.W.3d 351, 353-54 (Tex. 2005) (holding that
former employee=s
failure to exhaust administrative remedies by complying with school district=s
seven-day deadline for appealing employment termination decisions deprived
trial court of jurisdiction over case).





[7]Tex. Lab. Code Ann. '
212.203 (Vernon 1996).





[8]Brown, 801
S.W.2d at 8; Ortiz, 574 S.W.2d at 214-15; accord Van ISD v. McCarty,
165 S.W.3d at 353-54.

 

The cases on which McElroy relies are inapposite because, unlike section
212.053, the statutes involved in those cases did not specify any adverse
consequences for noncompliance.  See
Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 495 (Tex. 2001); Albertson=s,
Inc. v. Sinclair, 984 S.W.2d 958, 961-62 (Tex. 1999); Hines v.
Hash, 843 S.W.2d 464, 467-68 (Tex. 1992). 
If a statutory provision requires an act to be performed within a
certain time without any words restraining the act=s
performance thereafter, the provision generally is not jurisdictional.  Helena Chem. Co., 47 S.W.3d at
495.  McElroy=s
reliance on Att=y
Gen. of Tex. v. Orr, 989 S.W.2d 464 (Tex. App.CAustin
1999, no pet.) is likewise misplaced. 
That case involved appellate rule 30, which is not at issue here, and
the attorney general had complied with all statutory requirements at issue.  Id. at 466, 469.