Affirmed and Opinion filed May 16, 2006









Affirmed
and Opinion filed May 16, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00024-CV

____________

 

IVO NABELEK, Appellant

 

V.

 

CLARENCE O.
BRADFORD, ROBERT HURST, AND THE CITY OF HOUSTON, Appellees

 



 

On Appeal from the 234h
District Court

Harris County, Texas

Trial Court Cause No. 2001-38194

 



 

O P I N I O N

Appellant, Ivo Nabelek, appeals the grant
of summary judgment to appellees, Clarence O. Bradford, Robert Hurst, and the
City of Houston.  On appeal, Nabelek
contends the trial court erred by granting the City=s motion, raising
issues under the First, Fifth, Sixth and Fourteenth Amendments to the United
States Constitution.  We affirm.

Factual and Procedural Background








In 1993, appellant pleaded guilty to
aggravated sexual assault of a child, sexual performance by a child, and
possession of child pornography.  He
received ten and fifteen-year sentences. 
The evidence of guilt included a photograph seized from Nabelek
depicting him molesting a two-year old child. 
Nabelek filed appeals for those convictions, but ultimately withdrew
them.

At issue in this suit, Nabelek sought
portions of a file regarding his offenses from appellees, Clarence O. Bradford,
Robert Hurst, and the City of Houston (Athe City@).  Nabelek sought the files so as to petition
for a writ of habeas corpus, and apply for clemency.  The City denied Nabelek=s request based
upon a Texas statute allowing custodians of files to refuse requests from
prisoners.  The statute states in
pertinent part:

(a) A governmental body is not
required to accept or comply with a request for information from:

(1) an individual who is imprisoned
or confined in a correctional facility; or

(2) an agent of that individual,
other than that individual=s attorney when the attorney is requesting information that
is subject to disclosure under this chapter.

(b) This section
does not prohibit a governmental body from disclosing to an individual
described by Subsection (a)(1), or that individual=s agent,
information held by the governmental body pertaining to that individual.

Tex. Gov=t Code ' 552.028 (a), (b)
(Athe Statute@).

Nabelek brought suit in state district
court to establish he had a right to the files. 
The district court granted the City=s motion for
summary judgment.  Nabelek appealed to
the First Court of Appeals, which sustained Nabelek=s issues and
remanded the case.  The City then removed
the case to federal district court because Nabelek=s claims involved
challenges under the United States Constitution.  However, the federal court remanded the case
to state court because the City had failed to remove the case timely.  Upon remand from the federal court, the state
district court again granted the City=s motion for
summary judgment.  Nabelek timely filed
notice of appeal and we now entertain Nabelek=s contentions.








Analysis

I.        Claims
Raised

We liberally construe Nabelek=s pro se
filings.  However, we still hold him to
the same standards as a licensed attorney. 
See Brown v. Tex. Employment Comm=n, 801 S.W.2d 5, 8
(Tex. App.CHouston [14th Dist.] 1990, writ
denied).    As such, we will not review
claims not raised below or presented for appeal.  Having liberally construed Nabelek=s court filings,
we set out the claims that are properly raised on appeal.

Nabelek raises the following questions in
as-applied challenges: (1) denial of due process; (2) equal protection
violation; (3) First Amendment, free speech violation; and (4) violation of his
right to represent himself pursuant to the Sixth Amendment.  The other issues he has mentioned in his
brief were not properly raised on appeal because they were not sufficiently
raised below, if at all.  Those include:
(1) the same claims raised above as facial challenges to the statute; (2)
claims the statute is vague and/or overbroad; (3) arguments under international
law; and (4) arguments regarding the proper meaning of who is an Aagent@ under the
statute.  Also, his argument that the
trial court did not consider his motion for summary judgment is meritless as
there is nothing in the record to substantiate his claim in that regard.

II.       Due
Process

In the first issue we consider, Nabelek
claims his right to due process has been violated by the application of the
statute to his situation.  Specifically,
we read his argument to be that he has a protected right to go through the
process of applying for clemency and petition for a writ of habeas corpus.  Moreover, without the ability to at least
purchase copies of his records, he is effectively denied the right to engage
those two processes.  We disagree that
Nabelek has any particular liberty interest that is violated by this
statute.  

A.      No
Liberty Interest in Clemency

Nabelek argues he has a right to engage
the clemency process.  Also, he contends
that because the documents and items he seeks would help prove his innocence,
it is a violation of his due process rights insofar as it keeps him
impermissibly in jail.  However, he has
no due process right to clemency, or even clemency proceedings.  Greenholtz v. Inmates of the Neb. Penal
and Corr. Complex, 442 U.S. 1, 7 (1979) (ADecisions of the
Executive Branch, however serious their impact, do not automatically invoke due
process protection; there simply is no constitutional guarantee that all
executive decisionmaking must comply with standards that assure error-free
determinations.@).  

Also working against Nabelek is that the
statute does not limit his ability to seek clemency, it only limits what
information he is able to collect and supply to the board.  If he had a due process right to clemency, or
at least to seek clemency, it is in no way hampered by this statute.  The statute merely governs the release of
information.  Given that clemency need
not assure error-free determinations, there is no due process right to present
any particular information when seeking clemency.

B.      No
Due Process Right to Information to Petition for a Writ of Habeas Corpus     

As with the clemency proceedings, Nabelek
has not been hindered in his right to petition for a writ of habeas
corpus.  Again, his argument centers on
whether or not he has the right to informationCwhich he claims he
is willing to pay forCthat might aid in seeking the writ.  However, he has no constitutionally protected
right to that information as a matter of due process.  Bracy v. Gramley, 520 U.S. 899, 904
(1997) (AA habeas
petitioner, unlike the usual civil litigant in federal court, is not entitled
to discovery as a matter of ordinary course.@).  








The information and items he seeks are not
his, they are the property and in the custody of the City.  Thus, he would need to show some right to the
material, and that is not granted under state or federal statute.  If the request were meritorious, however, a
federal court in which Nabelek filed his petition for the writ could issue an
order for the  materials Aas law and justice
require.@  Id. (citation and quotations
omitted).  The City could also exercise
its discretion to give him the materials under the Statute.  Yet there is no requirement that it do so.  The Supreme Court has determined that without
showing good cause, an inmate has no right to discovery.  Therefore, the Statute does not offend the
Constitution by limiting discovery of documents to prisoners petitioning for a
writ of habeas corpus.

 Additionally, we note that Nabelek pleaded
guilty to the offenses for which he is incarcerated, and did not pursue a
direct appeal.  The information he seeks
now could have been received during a trial, examined, and a record made on
appeal at no cost to him.  He forfeited
that opportunity. Without a due process right to discovery in habeas
proceedings, Nabelek is no longer entitled to the information and there is no
denial of due process under the statute. 
Cf. U.S. v. MacCollom, 426 U.S. 317, 323B24 (1976) (A[R]espondent was
granted a statutory right of appeal without payment of costs if he were
indigent, and had he pursued that right _ 753(f) would have authorized the
use of public funds to furnish him a transcript of the trial proceedings
without any further showing on his part. 
Having forgone this right . . . he may not several years later successfully
assert a due process right to review of his conviction and thereby obtain a
free transcript on his own terms as an ancillary constitutional benefit.@).  

Because Nabelek still has the right and
ability to seek clemency and a writ of habeas corpus, there is no due process
violation.  Also, as the Supreme Court
has noted, when someone has forgone an avenue that would have afforded the very
material and opportunity he seeks nowCas with Nabelek
had he not pleaded guilty and foregone a trialChe cannot later
attempt to assert a constitutional right to that opportunity on his own
terms.  Id.  We overrule this issue.

III.      Equal
Protection

Nabelek also raises a claim that the
statute denies equal protection under the law. 
His contention is that the statute impermissibly discriminates against
prisoners.  His claim is without merit.  Prisoners are not a suspect class and thus we
review their claims under the rational-basis test.  See Garcia v. Dretke, 388 F.3d 496,
499 (5th Cir. 2004).  So long as the
statute furthers some legitimate state interest, we will uphold its
constitutionality.  Id.  Avoidance of unnecessary use of state and
other governmental agencies= employee
resources is a legitimate goal.  See
id. at 499B500. 
As the City has noted, Nabelek alone has filed numerous lawsuits seeking
information protected by this legislation. 
He is not alone in the filing of numerous lawsuits.  Such requests require time and
attention.  It requires little effort of
thought to understand the strain on public resources were agencies required to
comply fully with every prisoner=s request for
information.  Nabelek argues that because
he is willing to pay for copies of the documents, state resources are not spentCindeed, he argues,
the State could make a profit.  However,
that is not the precise question we must decide here.  Instead, we must determine only if the
Legislature had a legitimate state interest in enacting the law.  We overrule this issue.

IV.      First
Amendment

In an interesting argument, Nabelek
contends he has a First Amendment right to the documents.  Couching his argument in terms of providing a
check on the government, and impermissible favoritism for some groups over
others, Nabelek=s position is that the City must turn over
the documents to himCas it does to othersCor run afoul of
the First Amendment.  We disagree.








Nabelek relies chiefly on Los Angeles
Police Dept. v. United Reporting Publishing Corp., 528 U.S. 32 (1999).  In that case, the city was limiting the use
of arrestee information; if a party requested and received that information,
then he could not use it for certain purposes, such as solicitation.  Id. at 34.  Although the Supreme Court upheld the
validity of the regulation, id. at 40, Nabelek points out that four
concurring justices agreed that if the city were to prohibit a small,
disfavored class from any access to the information, the question would be more
difficult.  Id. at 45 (Ginsburg,
J., concurring).  Yet, that is only an
observation of four justices; it in no way reflects how they would have ruled
on the merits, and certainly is not binding. 
We cannot presuppose any conclusion based upon a concurrence by a
minority of justices on the Supreme Court.

A better basis for Nabelek=s First Amendment
claimCand one which we
recognizeCis the right of access to the courts to
petition the government for a redress of grievances.  See Jones v. City of Austin Police Dep=t, 03-00-00272-CV,
2000 WL 1759247, at *1 (Tex. App.CAustin, November
30, 2000, pet. denied) (not designated for publication) (citing Bill Johnson=s Restaurants,
Inc. v. NLRB, 461 U.S. 731, 743 (1994)).  Yet, we agree with our sister court in Austin
that the statute does not offend the First Amendment.  See id.  Nabelek=s ability to seek
redress in the courts is not hindered. 
As we have explained above, he has the full ability to petition for a
writ of habeas corpus or seek clemency, regardless of whether the City
furnishes him with information.  We
overrule this issue.

V.      Sixth
Amendment Right to Self-Representation

In the final issue Nabelek has presented
properly to this court, he argues that the statute denies him the right to
represent himself as guaranteed by the Sixth Amendment.  Because he is representing himself, he
argues, he should be considered an attorney for purposes of the statute.  We have rejected this argument already and
are bound to follow our precedent.  Nabelek
v. Dist. Att=y of Harris County, C S.W.3d C, 2005 WL 2148999,
at *4 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(holding that Nabelek is not an attorney under the statute, and his
constitutional attacks against the statute do not have an arguable basis in
law).  








Additionally, Nabelek=s right to
represent himself has not been hindered.  
What he seeks is particular discovery. 
As we have explained, he has no absolute right to that discovery; a
licensed attorney would have no greater constitutional right to the discovery
either.  His right to represent himself
is in full forceCas evidenced by his filings in this and
other courts.  Simply because one avenue
of discovery is closed to himCan avenue for which
the Supreme Court has not been willing to provide constitutional protectionCdoes not mean his
constitutional right has been violated. 
We overrule his final issue.

VI.      Other
Issues Not Properly Presented

Nabelek=s brief raises
other issues either by slight mention or more direct allusion. However, we have
determined that these issues were not raised below and so cannot be raised
here.  We do not address any facial
challenges to the statute, any claims of vagueness or overbreadth, claims based
in international law, or arguments regarding construction of the statute to
define Aagent.@  Also, Nabelek=s claims regarding
the trial court=s rulings and abuse of discretion in Afail[ing] to
consider the pleadings and issu[ing] no rulling [sic] thereon,@ is without merit,
not shown to be true in the record, and thus we overrule any issue related to
that argument.

Conclusion

Having overruled
each of appellant=s issues, we affirm the judgment of the
trial court.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Opinion filed May 16, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.