Affirmed and Majority and Concurring Opinions filed December 21, 2006














Affirmed and Majority and Concurring Opinions filed December
21, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00785-CV

____________

 

DONALD WAYNE HULL, Appellant

 

V.

 

DICARLOS DAVIS (DATASORSCONSULTING, L.L.C.)
AND TEXAS
WORKFORCE COMMISSION, Appellees

 





 

On Appeal from the County
Civil Court at Law No. 4

Harris County,
Texas

Trial Court Cause No. 823155

 





 

M A J O R I T Y   O P I N I O N

Appellant, Donald Wayne Hull, appeals the trial court=s judgment
dismissing his suit against Dicarlos Davis (Datasorsconsulting, L.L.C.) (ADavis@) and the Texas Workforce
Commission (ATWC@) for want of jurisdiction. 
Hull presents
three issues on appeal.  Finding the trial court properly granted TWC=s plea to the
jurisdiction, we affirm.  




Background

Hull filed this
lawsuit against Davis and TWC on September 15,
2004, for payment of wages allegedly incurred when Hull
was contracted through Davis
for the sale of DSL and residential phone services.  Prior to the
initiation of this suit, Hull
filed a complaint for unpaid wages with TWC.  TWC denied the claim on
February 25, 2004.  Hull
filed an appeal of the preliminary wage determination order[1]
(APWDO@) on June 4,
claiming he moved and was supplying TWC with a new address.  That appeal
was denied and notification mailed to Hull
on July 6.  Hull
then filed suit in the trial court.

Hull=s original petition, entitled APlaintiffs= Donald Wayne Hull
[sic] Complaint On A Promissory Note Or Contract,@[2] names Davis, Datasorsconsulting LLC, and TWC as defendants and makes
allegations under Chapter 61 of the Texas Labor Code.  See Tex. Lab. Code Ann. ' 61.001 et
seq. (Vernon 2006).  In his petition, Hull demands payment of
$1,660.00 from the defendants.  Davis/Datasorsconsulting
LLC  answered the suit, and TWC separately
answered with a general denial and the affirmative defense of sovereign
immunity and asserted a plea to the jurisdiction.  Hull responded to TWC=s pleading and
asserted (1) he had no intent of proceeding against TWC because his complaints
are entirely against Davis, and (2) Hull possesses a common law claim for unpaid
wages against Davis under the Texas Payday Law.  Hull also filed a motion for continuance
(entitled AMotion of Request To Postpon [sic] Trial@) until such time
as he would be released from prison and could attend any trial settings and adequately
prepare.

 

The trial court held a hearing on July 11, 2005. 
During that hearing, Dicarlos Davis, representing
himself and Datasorsconsulting, and counsel
for TWC were present.  The trial court proceeded without Hull=s attendance
because Hull was
incarcerated and would remain so for two more years.  The trial court
first denied Hull=s motion for
continuance.  The trial court then heard TWC=s argument in
support of its plea to the jurisdiction and granted the plea.  Hull timely filed a
notice of appeal.  

Discussion

On appeal, Hull alleges the following errors by the trial
court:  (1) the trial court erred in failing to rule on Hull=s motion for
appointment of counsel; (2) the trial court erred in entering a final judgment
against Davis, and the judgment was Asilent;@ and (3) the trial
court erred in failing to award Hull $1,660 when Davis accepted Hull=s complaint on a
promissory note or contract.  TWC makes several arguments in support of
the trial court=s granting of TWC=s plea to the
jurisdiction.  Before turning to the merits of Hull=s substantive
argument, we must first determine whether the trial court correctly granted TWC=s plea to the
jurisdiction.  See Tex.
Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  If the
trial court did not err in granting the plea, then it did not have jurisdiction
over Hull=s claims,
including the issues he raises on appeal to this court.  

I.                   
Standard of Review

 

TWC=s
plea to the jurisdiction was based on the Payday Law.  See Tex. Lab. Code Ann. ' 61.001 et seq. (Vernon 2006). 
A plea to the jurisdiction challenges the trial court=s authority to determine the subject matter of
a cause of action.  Bland Indep.
Sch. Dist.
v. Blue, 34 S.W.3d 547, 554 (Tex. 2001).  Whether
the trial court properly granted a plea to the jurisdiction is a question of
law, which we examine under a de novo standard of review.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex.
1998).  The plaintiff has the burden to allege facts affirmatively
demonstrating the trial court has subject matter jurisdiction.  Tex. Ass=n of Bus., 852 S.W.2d
at 446.  In analyzing a plea to the jurisdiction, a court must not weigh
the claims= merits and
should consider only the plaintiff=s
pleadings and the evidence pertinent to the jurisdictional inquiry.  County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex.
2002).  When considering a trial court=s order on a plea to the jurisdiction, we
first review the plaintiff=s
pleadings.  Id. 
We construe the pleadings in the plaintiff=s
favor and look to the pleader=s
intent.  Id. 
We take as true the facts pled in the plaintiff=s
petition in determining whether those facts support jurisdiction in the trial
court, and we may review the entire record to determine if there is
jurisdiction.  Tex. Ass=n of Bus., 852 S.W.2d
at 446; see also Waco
Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849,
854 (Tex.
2000).  We should confine our review to the evidence
relevant to the jurisdictional issue.  Bland, 34
S.W.3d at 555. 

When a plaintiff fails to plead facts that establish
jurisdiction, but the petition does not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency, and the
plaintiff should be afforded the opportunity to amend.  Id.;
Peek v. Equip. Serv. Co. of San
 Antonio, 779 S.W.2d 802, 804B05
(Tex.
1989).  On the other hand, if the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiff an opportunity to amend.  Brown, 80 S.W.3d at 555.  

II.                
Did the trial court err in granting the plea to the jurisdiction based
on the Payday Law?

 

An employee seeking unpaid wages from an employer may
pursue a judicial action against the employer or may seek an administrative
remedy as provided under the Payday Law.  Holmans, II v. Transource Polymers, Inc., 914 S.W.2d 189, 192 (Tex. App.CFort
Worth 1995, writ denied).  Chapter 61 of the Labor Code sets forth
the requirements of the Texas Payday Law.  Tex. Lab. Code Ann. '' 61.001 et
seq. (Vernon 2006).  The administrative remedy
prescribed by the Payday Law establishes authority in the Texas Workforce
Commission to govern the payment of wages by employers.  Holmans, 914 S.W.2d at 190 n.1;
see Tex. Lab.
Code Ann. '' 61.001(1), 61.002.  The
statute provides for administrative review of claims and judicial review of
final administrative decisions.  Holmans,
914 S.W.2d at 190 n.1; Tex. Lab. Code Ann. '' 61.052,
61.0525, 61.055, 61.062.  The remedial scheme
provided by the Payday Law does not preclude a claimant=s ability to bring an action against an
employer for unpaid wages, but only provides an alternative means for
enforcement of wages, many of which would be too small to justify the expense
of a civil lawsuit.  Wal-Mart Stores, Inc. v. Lopez,
93 S.W.3d 548, 561 (Tex.
App.CHouston
[14th Dist.] 2002, no pet.); Holmans, 914
S.W.2d at 193.  Should a claimant choose to file a claim under the
statute, utilize its remedial scheme, and appeal the final administrative
order, then the claimant is properly required to abide by the statute=s provisions.  Holmans, 914 S.W.2d at 193. 
No further remedy is permitted.  

III.              
Did Hull
pursue a common law claim or an administrative remedy?

 

Hull argues his common
law claim is not preempted by the Payday Law because (1) he is not seeking a
remedy from TWC, and (2) he chose to pursue a judicial remedy against Davis.  We
disagree.  First, a review of Hull=s pleadings suggests he is
seeking judicial relief from an administrative decision under the Payday Law,
and thus, TWC should be made a defendant in the suit.  See Tex. Lab. Code Ann.
' 61.062 (requiring a
claimant seeking judicial review of the TWC=s
preliminary wage determination order to name TWC and any other party proceeding
before the TWC as defendants in the suit).[3]  Hull=s arguments in his reply
brief and his responsive pleading to TWC=s
original answer and plea to the jurisdiction clearly indicate Hull does not
believe TWC should be involved in the suit against Davis and should not be able
to effectively remove jurisdiction from the trial court.  Hull, however, brought this suit pursuant to
the Texas Payday Law, as referenced by the style of the case and the following
statement in his original petition:  AThis is an [sic]
civil action complaint on a promissory note or contract under the Texas Payday
Law.@ 
Hull demanded judgment against Davis and TWC for $1,660.00 and
commissions.  Even though Hull=s
secondary arguments are that he did not intend to file suit against TWC
directly, his initial actions to name TWC as a defendant and reference the
Payday Law in his first pleading suggest Hull initially intended to seek
judicial review under the Payday Law and appeal the administrative ruling of
the TWC.  

By initiating and proceeding first with an
administrative remedy under the Payday Law, Hull chose to forego his purely common law
causes of action and elected the alternative remedy provided by the Payday
Law.  A party may not initially elect one remedy and then choose the other
remedy when dissatisfied with the first result.  See Holmans, 914 S.W.2d at 194. 
Hull simply
cannot have it both ways.  Had Hull
wanted to pursue his common law remedies, he would have been required to
withdraw his claim with the TWC before the commission=s decision became final.  See id. 

IV.             
Did Hull
exhaust his administrative remedies under the Payday Law?

Having found Hull elected
to pursue an administrative remedy to recover wages from Davis,
we now consider whether Hull
exhausted those administrative remedies before seeking judicial review. 
After commencing a claim under the Payday Law, a claimant must exhaust all
administrative remedies before seeking appellate relief in the trial
court.  See Tex. Lab. Code Ann. ' 61.062(a). 
Otherwise, the trial court lacks jurisdiction to hear the claim.  Subaru
of Am., Inc. v. David McDavid Nissan, Inc., 84
S.W.3d 212, 221 (Tex. 2002); Kshatrya v. Tex.
Workforce Comm=n,
97 S.W.3d 825, 831 (Tex.
App.CDallas
2003, no pet.); Holmans, 914 S.W.2d at 191B92.  Abiding by the time limits
of the Texas Payday Law is mandatory.  See Tex. Lab. Code Ann. '' 61.051, 61.054, 61.062. 
When a statute requires performance of an act within a certain specified time,
that period of time will not be extended unless the statute so provides.  Tex. Employment Comm=n v. Ortiz, 574 S.W.2d 214 (Tex. 1978). 

 

TWC contends Hull
did not exhaust all administrative remedies before seeking judicial relief when
he did not appeal the preliminary wage determination order (APWDO@) as required by
Section  61.054.  See Tex. Lab. Code Ann. ' 61.054. 
Section 61.054 requires a claimant to seek a hearing before a wage claim appeal
tribunal to appeal a PWDO within twenty-one (21) days after the date the
commission examiner mails notice of the PWDO.  Tex. Lab. Code Ann. ' 61.054(b).  If a hearing
is not sought within that time limit, then the order becomes final, and neither
party is entitled to judicial review.  Tex.
Lab. Code Ann. ' 61.055.  The record
reflects the original PWDO was mailed on February 25 and Hull does not dispute this date on appeal;
therefore, an appeal must have been filed by March 17.  A copy of the
original PWDO does not appear in the record, but the record does contain a copy
of TWC=s ADecision on Motion for
Rehearing From Payday Law Decision@ mailed to Hull on July 6,
2004.  In the rehearing decision, TWC concluded Hull untimely filed for an appeal hearing by
waiting to file until June 4.  TWC dismissed the rehearing because Hull did not timely file
his appeal.  Because Hull did not timely
file for an appeal hearing within the twenty-one day time frame, the original
decision mailed on February 25 became the final order of TWC for all purposes,
and Hull was
precluded from judicial review.  See Tex. Lab. Code Ann. ' 61.055; see
also Fields v. Phillips Sch. of Bus. and Tech., 870 F. Supp. 149, 154 (W.D. Tex. 1994) (AAs neither party
requested a hearing to contest the . . . preliminary wage determination order,
this order became final for all purposes, and neither party is entitled to
judicial review.@).  Hull failed to exhaust his administrative
remedy and forfeited judicial review.

Hull=s petition attempts to assert
common-law claims for breach of contract and suit on a promissory note.[4]  Hull=s pleading is an attempt to recharacterize and reassert the same claim for unpaid wages
initially brought against Davis under the Payday Law.  Having chosen to
pursue a remedy under the Payday Law, Hull
was obligated to exhaust his administrative remedies before seeking judicial
review.  See Tex. Lab. Code Ann. ''  61.055, 61.062(a); Holmans, 914 S.W.2d at 193B94.  He failed to do so. 
Section 61.055 provides:

 

If neither
party requests a hearing to appeal a preliminary wage determination order
within the period prescribed by Section 61.054, the order becomes the final order
of the commission for all purposes, and neither party is entitled to judicial
review of the order under this subchapter.

 

Tex.
Lab. Code Ann. ' 61.055.

Based on
the unambiguous language of the statute, neither party is entitled to judicial
review of the commission=s final order.  See id.  Hull cannot sidestep the plain language of
the statute by simply reasserting his claim for unpaid wages as a common-law
claim for breach of contract or suit on a promissory note.  See 11th
St. Bingo Assoc. v. Simonson, No. 13-02-399-CV, 2004 WL 1117161, at *2B3 (Tex. App.CCorpus Christi May
20, 2004, no pet.) (mem.
op.) (trial court lacked subject matter jurisdiction over common-law debt
action where claimant chose to pursue remedy under Payday Law and failed to exhaust
administrative remedies); Igal v. Brightstar Info. Tech. Group, Inc., 140 S.W.3d 820, 822B24 (Tex. App.CEastland 2004, pet.
granted) (TWC=s final decision that Payday claim was not timely filed precluded former
employee from asserting common-law breach of contract claim for unpaid wages);  Holmans, 914 S.W.2d at
193B94 (wage claimant
who chooses to pursue remedy under Payday Law must comply with statutory
provisions before pursuing common law remedies).          

V.     
Did Hull waive
any complaint on the trial court=s failure to rule
on his request for appointed counsel?

In his first issue, Hull
complains of the trial court=s failure to rule on his motion for
appointed counsel.  After a diligent search of the entire record, we could
not find any type of motion presenting a request for appointed counsel to the
trial court or a ruling by the trial court denying such a request if one was
made.  Therefore, appellant has failed to preserve this issue for our
review. Tex. R. App. P. 33.1. 
We overrule appellant=s first issue.

Conclusion

 

Because Hull
first proceeded against Davis
under the Texas Payday Law, he was required to fully exhaust that
administrative remedy before seeking judicial review.  Hull failed to seek an appeal hearing, as
required by Section 61.054 of the Payday Law, precluding judicial review. 
See Tex. Lab.
Code Ann. '' 61.054B.055. 
Accordingly, the trial court lacked subject matter jurisdiction to consider Hull=s claims and properly dismissed Hull=s suit for want of jurisdiction.
Having affirmed the trial court=s dismissal of Hull=s suit for want of jurisdiction, we
need not address appellant=s remaining issue as it does not address the trial court=s jurisdiction.  We affirm the
judgment of the trial court.  

 

 

 

                                                          
/s/     John S. Anderson

Justice

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed December 21, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.














[1]  A preliminary wage determination order is
issued by TWC after an individual claim has been investigated.  Tex. Lab. Code Ann. ' 61.052(a) (Vernon 2006). 






[2]  The petition states that it is based on a
promissory note or contract, but there is no note or contract attached to the
pleading





[3]  The Payday Law provides for the waiver of
sovereign immunity to suit when it requires a party seeking judicial review of
an administrative remedy to make the TWC a defendant in the lawsuit.  Kshatrya v. Tex.
Workforce Comm=n, 97 S.W.3d 825, 830 (Tex.
App.CDallas
2003, no pet.).  





[4]  Hull=s
Petition states: AThis is an [sic] civil action complaint on a promissory
note or contract under the Texas Payday law.@ 
No promissory note or contract is attached to the pleading.