Affirmed and Memorandum Opinion filed February 28, 2006









Affirmed and Memorandum Opinion filed February 28, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00786-CV

____________

 

JEFFREY MICHAEL BURNS, Appellant

 

V.

 

SACHIE A. CANALES AND
KLITSAS & VERCHER, P.C., Appellees

________________________________________________________________________

 

On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 03-48697

________________________________________________________________________

 

M E M O R A N D U M   O P I N I O
N

Appellant Jeffrey Michael Burns sued appellee
Sachie A. Canales for negligence, deceptive trade practices, common law fraud,
negligent hiring, and breach of fiduciary duty. 
Under the theory of respondeat superior, Burns made the same allegations
against Canales=
employer, Klitsas & Vercher, P.C. (AKlitsas@), and
also sought damages for negligent hiring, supervision, and/or management.  Canales and Klitsas filed a joint no-evidence
motion for summary judgment, which the trial court granted.  We affirm. 








I. 
Factual and Procedural Background

Burns, a paralegal and the owner of Southwest
Texas Paralegal Services, entered into a contract with Four Seasons Business
Park (AFour
Seasons@).  The parties agreed that Burns would provide
paralegal services to Four Seasons, and Four Seasons would compensate Burns by
providing rental space, utilities, and an hourly wage.  At some point, a dispute arose:  Burns claimed Four Seasons refused to pay his
invoice, whereas Four Seasons alleged Burns had retained $500 without
performing any services. Four Seasons changed the locks on Burns=s
property without giving him notice. 
Acting pro se, Burns sought and was granted a writ of re-entry from a
Justice of the Peace Court in Harris County.

Burns then filed a pro se suit against Four
Seasons in a Harris County Civil Court at Law for breach of contract and
constructive eviction.  Four Seasons
allegedly responded with allegations that Burns engaged in fraud, conversion,
and unauthorized practice of law.[1]  While the suit was pending, Four Seasons
tendered a settlement offer to Burns.  On
December 2, 2002, Burns retained Canales, an attorney with Klitsas, to
represent him in his action against Four Seasons.

Burns and Four Seasons agreed to mediate their
dispute on April 14, 2003.  At the
conclusion of the session, Canales, acting on behalf of Burns, agreed to accept
$1,000 from Four Seasons in exchange for a settlement of the dispute.  








The following week, however, Burns sought to avoid
the scheduled entry of judgment on the settlement agreement by filing a motion
to abate.  At the hearing on the motion,
Canales argued that the Four Seasons’ attorney who had supervised Burns while
he was performing paralegal services, should have been joined as a party to the
counterclaim.  The judge denied the
motion.[2]  Two days after the hearing, Canales filed a
motion to withdraw as Burns=s
counsel.  The motion was granted.  Canales then sent Burns a letter stating
that, in her professional opinion, the settlement was binding and Burns would
need to find other counsel if he wanted to rescind the agreement.

On August 2, 2003, again acting pro se, Burns
filed suit against Canales and Klitsas, alleging violations of the Deceptive
Trade Practices Act and common law fraud. 
As part of his initial discovery requests, Burns requested Canales= medical
records and photographs of her that were taken after she was assaulted in 2001,
more than a year before she represented Burns. 
Canales and Klitsas filed a motion for a protective order, and also
requested that the trial court dismiss the case with prejudice.  At a hearing on October 31, 2003, the trial
court granted the order, but refused to dismiss the case.  Five days later, Burns amended his petition
to include legal malpractice on the part of Canales, negligent hiring,
supervision and/or management on the part of Klitsas, and breach of fiduciary
duty against both.

The case was set for trial on July 12, 2004, with
the discovery period scheduled to end on June 16, 2004.  The day after the discovery period closed,
Canales and Klitsas filed a joint no-evidence motion for summary judgment.  Burns responded on July 9, 2004.  The trial court granted the motion for
summary judgment and ordered Burns to pay all costs.  Burns filed a motion for new trial but before
receiving a ruling, Burns filed a notice of appeal.  Burns later filed an amended motion for new
trial, which the trial court denied.  In
its order denying the motion for new trial, however, the trial court struck the
language awarding costs to Canales and Klitsas. 
Burns appears before this court pro se. 
Canales and Klitsas did not file a brief.








II. 
Issues Presented

Burns presents nine issues for our review.  In his first issue, he contends the trial
court erred in granting the summary judgment motion, and in seven of his
remaining eight issues, he argues the trial court erred by finding that no
evidence existed on specific elements of his causes of action.  Lastly, he claims the trial court erred in
granting a motion for protective order regarding certain discovery
requests.  We address the issues in the
order in which they arose in the court below.

III. 
Analysis

A.        Did the Trial Court Err
by Granting the Motion for Protective Order?

In his sixth issue, Burns argues the trial court
erred in granting Canales= motion
for protective order because (a) Canales did not respond to discovery requests
with a specific objection; and (b) Canales presented no evidence at the hearing
on the motion for protective order.

An objection to written discovery need not be
stated in a response to discovery, but instead may be urged in a separate
document, such as a motion for protective order.  Tex.
R. Civ. P. 193.2(a); 192.6. 
Canales filed a written motion for protective order,[3]
and Burns does not contend that the motion was untimely or otherwise
deficient.  Therefore, we conclude Burns=s
arguments regarding Canales= alleged
failure to object to the improper discovery requests is without merit.








Burns also contends that the protective order was
improper because Canales failed to present evidence at the hearing on the
motion.  Although Burns  is correct that Texas Rule of Civil Procedure
193.4(a) requires the party objecting to discovery to Apresent
any evidence necessary to support the objection or privilege,@ Canales
complied with this rule.  She presented
Burns=s
requests for production to the trial court, and the trial court considered the
requests and Burns=s
claims.  Although neither the discovery
requests nor the motion for protective order have been provided for our review,
a transcript of the hearing on the motion demonstrates that Canales and Klitsas
objected to the discovery because the material requested was irrelevant and was
requested for the purpose of harassment. 


Burns claims, because he was Canales=s client,
she had an obligation to inform him that she had been the victim of a crime
that caused her physical and financial damages and mental anguish.  Burns further posits that, because he has
filed a legal malpractice claim against Canales, he is entitled to discover
documents related to her injuries.  We
disagree.

A legal malpractice action is based upon
negligence and requires the plaintiff to show: (1) the attorney owed the
plaintiff a legal duty; (2) the attorney breached that duty; (3) the breach
proximately caused the plaintiff's injuries; and (4) damages occurred.  See, e.g., Alexander v. Turtur & Assocs.,
Inc., 146 S.W.3d 113, 117 (Tex. 2004); Greathouse v. McConnell, 982
S.W.2d 165, 172 (Tex. App.CHouston
[1st Dist.] 1998, pet. denied).  If a
legal malpractice case arises from prior litigation, a plaintiff must prove
that Abut for@ the
attorney's breach of his duty, the plaintiff would have prevailed in the
underlying case.  Greathouse, 982
S.W.2d at 172.[4]  None of the material requested was relevant
to any element of Burns=s
claims.  Because it was irrelevant, the
material was outside the scope of discovery. Tex.
R. Civ. P. 192.3(a); 192.4(b). 
The evidence and argument considered by the trial court were sufficient
to establish the impropriety of the requests, and the trial court did not abuse
its discretion in disallowing the discovery. 

Burns=s sixth
issue is overruled.








B.        Did
the Trial Court Err by Granting Appellees= No-Evidence Motion for
Summary Judgment?

 

In Burns=s first
issue, he complains of the trial court=s grant
of appellees=s no-evidence motion for summary
judgment.  In his remaining issues, he
argues the trial court erred by not considering evidence on specific elements
of his alleged causes of action. 

Four days before the hearing on the motion, Burns
filed a response.  The response consisted
solely of the recital of the standard of review, followed by this statement:

Attached hereto and incorporated herein by reference, is an appendix
containing discovery, transcripts and pleadings setting forth summary judgment
proof of the existence of a material fact concerning Negligence, Deceptive
Trade, Common Law Fraud, Negligent Hiring, Supervision, and/or Management,
Breach of Fiduciary Duty, Respondeat Superior.

 

The
response contained no citation to any authority, no citation to specific
evidence, no reference to any fact, and no argument.  Burns=s summary
judgment evidence consisted of his own unsworn responses to requests for
disclosure, the defendants= answers
to requests for admission, a transcript of a hearing on a motion to abate, a
transcript of a hearing in another case in which Burns represented himself, a
transcript of the hearing on defendants= motion
for protective order, and Burns=s
responses to other motions and discovery requests.

In granting the motion for summary judgment, the
trial court provided the following explanation for its decision:

Plaintiff=s response is over
one-half inch thick, but consists mostly of copies of prior filings.  The response itself consists only of one and
a half pages and makes no argument and points to no evidence to
support any cause of action.  The Court
is not required to search Plaintiff=s exhibits to try to find
some scintilla of evidence when Plaintiff points to none.

 








(Emphasis added). 
We agree with the trial court that Burns=s
response was inadequate to satisfy his burden of proof to defeat a Ano
evidence@ motion
for summary judgment.[5]


Although Burns claims that the
appendix sets forth summary judgment proof of the existence of Aa
material fact concerning [each of the causes of action],@ a
nonmovant responding to a motion for Ano
evidence@ summary
judgment is required to do more.  AThe
written answer or response to the motion must fairly apprise the movant and the
court of the issues the non‑movant contends should defeat the motion.@  City of Houston  vs. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979).  Burns is not
required to marshal his proof, but he is required to Apoint out
evidence that raises a fact issue on the challenged elements,@ and not
merely on the causes of actions generally. 
See Tex. R. Civ. P. 166a
(cmt. to 1997 change) (emphasis added). 
Because each element of each cause of action had been properly
challenged, Burns bore the burden to Apoint out@ more than
a scintilla of probative evidence concerning each element.  The evidence presented cannot support an
argument that has not been made, and the trial court is not required, sua
sponte, to assume the role of Burns=s advocate
and supply his arguments for him.








Even had Burns produced
sufficient reasons why summary judgment would be improper, he would still be
required to support those reasons with evidence.  San Saba Energy, L.P. v. Crawford, 171
S.W.3d 323, 329 (Tex. App.CHouston
[14th Dist.] 2005, no pet. h.) (AIf a
non-movant=s response fails to set forth
valid reasons why summary judgment should not be granted and if the motion and
summary judgment evidence show that there is no genuine issue of material fact
and that the movant is entitled to judgment as a matter of law on the grounds
asserted in the motion, then the trial court should simply grant summary
judgment@).  A general reference to a voluminous record
that does not direct the trial court and the parties to the evidence on which
the movant relies is insufficient.  Guthrie
v. Suiter, 934 S.W.2d 820, 826 (Tex. App.CHouston
[1st Dist.] 1996, no writ).  A trial
court does not abuse its discretion when it does not consider summary judgment
proof to which a movant does not specifically direct the trial court=s
attention.  See id.  Here, Burns has not cited to any particular
evidence as probative of any element of any cause of action.  

Burns argues that his summary
judgment response was sufficient under Simplified Telesys, Inc. v. Live Oak
Telecom, L.L.C., 68 S.W.3d 688 (Tex. App.CAustin
2000, pet. denied).  In Simplified
Telesys, the non-movant=s
response to the no-evidence motion for summary judgment stated, A[e]vidence
sufficient to raise a genuine issue of material fact is all contained in the
Reporter=s Record.@  Id. at 690.  A copy of the reporter=s record,
which consisted of 205 pages of testimony of various witnesses, was attached to
the response as Exhibit A.  Id. at
691.  The trial court granted the
no-evidence motion, but did not state the basis for its decision.  Id. at 690.  On appeal, the appellee argued that the
judgment should be affirmed because the non-movant=s
response failed to sufficiently point out the testimony that would have created
a fact issue.  Id. at 691. The
appellate court disagreed, finding that the response satisfied the requirements
of Athe
accompanying notes and comments@ to Rule
166a(i).  Id. 








Simplied Telesys,
however,  was decided before Johnson
v. Brewer & Pritchard, P.C., 73 S.W.3d 193 (Tex. 2002).  In Johnson, a law firm sued its former
associate and another lawyer, asserting causes of action for breach of
fiduciary duty, actual and constructive fraud, conversion, negligence, and
conspiracy.  Id. at 198.  The individual attorneys moved for Ano
evidence@ summary
judgment against the law firm, claiming inter alia that there was no evidence
of the Aunlawful
purpose@ of the
conspiracy claim.  Id.  The trial court granted the summary judgment,
and the court of appeals affirmed the judgment on the grounds that the law firm=s
response to the motion for summary judgment did not tie facts in the record to
the specifically challenged elements of the conspiracy claim.  Brewer & Pritchard, P.C. v. Johnson,
7 S.W.3d 862, 869 (Tex. App.CHouston
[1st Dist.] 1999, pet. granted), aff=d on
other grounds, 73 S.W.3d 193 (Tex. 2002) (Aalthough
it is true that appellant globally stated facts to support its conclusions as
it sees them and cited to the record in support of those facts, it made no
effort to connect any of the facts to the challenged elements of the causes of
action.  We believe Rule 166a(i) requires
the non-movant to make that connection@).  On review before the Texas Supreme Court, the
Court stated that A[w]hether
Brewer & Pritchard adequately pointed out evidence relating to challenged
elements of the conspiracy cause of action is a close question.@  Johnson, 73 S.W.3d at 207.  Brewer & Pritchard=s
response to the motion for summary judgment was divided into headings and
subheadings, and though none of the headings identified the conspiracy claim,
the response Adetailed evidence@ and
stated that A[t]hese facts clearly evidence a
sloppy but, thus far effective scheme to funnel [funds to the individual
attorneys].@ 
Id. (emphasis added).  In
addition, Brewer & Pritchard contended that its conspiracy claim was
alleging a conspiracy to breach a fiduciary duty, and supported its claim of
breach of fiduciary duty with both argument and evidence.  The Court concluded that Brewer &
Pritchard=s summary judgment response Amet the
minimum requirements of Rule 166a(i).@  Id. at 207B08.  The response included argument and evidence,
and while the response was not a model of clarity, it did address the
particular issue raised in the motion for summary judgment.  Id. at 207.

Here, Burns=s
response falls far short of the Aminimum
requirements@ satisfied in Johnson.  Unlike the non-movant in Johnson,
Burns=s written
response to the motion for summary judgment contains no argument, and cites to
neither evidence nor authority.  Mere
reference to attached evidence is insufficient to avoid summary judgment.  See McConnell v. Southside Indep. School
Dist., 858 S.W.2d 337, 341 (Tex. 1993) (Aissues a
non-movant contends avoid the movant=s
entitlement to summary judgment must be expressly presented by written answer
to the motion or by other written response to the motion and are not expressly
presented by mere reference to summary judgment evidence.@)








Burns contends it would not have
been unduly burdensome for the trial court to review his evidence, because his
response contained only 122 pages of evidence. 
The number of pages, however, is not dispositive.  The issue is whether the trial court must
search through all of the non-movant=s
evidence to determine if a fact issue exists without any guidance concerning
what evidence creates an issue on a particular element.  See San Saba, 130 S.W.3d at 331.  Under the Rules of Civil Procedure, the party
seeking to avoid the effects of a well-pleaded no-evidence motion for summary
judgment bears the burden to file a written response that raises issues
preventing summary judgment, and that points to evidence supporting those
issues.  Where the nonmovant fails to
meet that burden, the trial court is not required to supply the deficiency, but
instead must grant the motion.  See
Tex. R. Civ. P. 166a(i).  

Throughout his brief, Burns
reminds us that pro se pleadings Amust be
held to less stringent standards@ than
formal pleadings and that we should review his prosecution of his claims both
in the trial court and on appeal Awith
patience and liberality.@  See Haines v. Kerner, 404 U.S. 519,
520 (1972); Johnson v. McAdams, 781 S.W.2d 451, 452 (Tex. App.CHouston
[1st Dist.] 1989, no writ).  There is no
basis, however, for differentiating between litigants represented by counsel
and pro se litigants in determining whether rules of procedure must be
followed.  Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 184 (Tex. 1978); Brown v. Tex. Employment Comm=n, 801
S.W.2d 5, 8 (Tex. App.CHouston
[14th Dist.] 1990, writ denied). 

 

In terms of procedure, a pro se
litigant is held to the same standards as a licensed attorney.  Brown, 801 S.W.2d at 8.  If a pro se litigant were not required to
comply with the applicable rules of procedure, he would be given an unfair
advantage over a litigant that is represented by counsel.  Holt v. F.F. Enterprises, 990 S.W.2d
756, 759 (Tex. App.CAmarillo
1998, pet. denied).  








Because Burns failed to comply
with Rule 166a(c) and (i) in his response to a no-evidence motion for summary
judgment, we affirm the trial court=s
order.  

IV.  Conclusion

In sum, we hold the trial court
did not abuse its discretion in granting appellee=s motion
for protective order.  We further hold
Burns failed to satisfy the requirements of Rule 166a(c) and (i) in response to
a proper motion for no-evidence summary judgment and accordingly, we affirm the
trial court=s judgment.

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed February 28, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

 

 











[1]  No copy of
Four Seasons= answer has been provided; however, at a hearing on
Burns=s motion to abate, Canales testified, Athere was a counterclaim filed against [Burns] for
unauthorized practice of law, conversion, and fraud.@ 





[2]  The judge did
note that the settlement agreement was scheduled to be entered as a judgment on
April 30, 2003, but did not guarantee that he would sign it.  The record does not indicate whether the
judgment was ever entered.





[3]  Though a copy
of the motion was not provided for our review, the existence of a written
motion is acknowledged in Burns=s brief and in the transcript of the hearing on the
motion.





[4]  Though Burns
also attempts to characterize his claims as arising under the Deceptive Trade
Practices Act, the DTPA does not apply to a claim for damages based upon professional
services, if the essential nature of the service is the providing of advice,
judgment, opinion, or similar professional skill.  See Tex.
Bus. & Com. Code Ann. '
17.49(c)(1) (Vernon 2002).  Regardless of
how the claim may be characterized, it is clear from the record and the brief
before us that all of Burns=s causes of action simply restate his claim for
malpractice.





[5]  In addition, even if
considered by the trial court, the evidence submitted was insufficient as a
matter of law.