Otha Lee **FIELDS**

v.

**PHILLIPS SCHOOL OF BUSINESS AND TECHNOLOGY.**

**Civ. A. No. A–93–CA–553JN.**

United States District Court, W.D. Texas, Austin Division.

Dec. 14, 1994.

---

Otha Lee Fields, pro se.

William E. Hartsfield, John B. Gessner, Hamilton & Hartsfield, P.C., Dallas, TX, for defendant Phillips School of Business and Technology.

## ORDER AND JUDGMENT

NOWLIN, District Judge.

Before the Court is the Defendant's Motion and Brief for Summary Judgment, and the Plaintiffs Response. Having reviewed the motion and response, the evidence presented, the arguments of the parties and the relevant law, the Court is of the opinion and finds that the Defendant's Motion for Summary Judgment should be GRANTED.

## I. BACKGROUND AND NATURE OF CASE

The Plaintiff has brought this action against the Defendant, his former employer, alleging various violations of Title VII. The Plaintiff was formerly employed by the Defendant, Phillips School of Business and Technology, as an admissions representative. In his pleadings the Plaintiff alleges that the Defendant discriminated against him based on his race (African American) by failing to promote him, terminating him, and providing false references to the Internal Revenue Service, from whom the Plaintiff sought employment following his termination by the Defendant. The Plaintiff also claims that the Defendant owes him backpay for unpaid commissions.

## II. *SUMMARY JUDGMENT STANDARD*

Summary judgment is appropriate if the record discloses "that there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324–25, 106 S.Ct. at 2553–54. While the Court must review the facts drawing all inferences most favorable to the party opposing the motion, *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986), that party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

## III. *ANALYSIS*

In reviewing the Plaintiff's complaint and response to the Defendant's Motion for Summary Judgment, it appears that he is articulating three causes of action under Title VII, as well as claims for back wages owed to him by the Defendant. The Court will address each of these claims in turn.

### A. *Plaintiff's Termination and Denial of Promotion Claims*

 The Plaintiff claims that he was denied promotions and ultimately terminated by the Defendant on the basis of his race in violation of Title VII.[1] In June 1992, the Plaintiff filed charges to that effect with the Austin Human Rights Commission (FEPA No. 650–92–323 and EEOC No. 36A–92–0323). (Defendant's Exhibit D–7). The Plaintiff admits in both the affidavit attached to his complaint and his response to the Defendant's Motion to Dismiss that he withdrew these charges and, consequently, he never received a right to sue letter for these claims. It is elementary that a right to sue letter is a prerequisite to maintaining a Title VII action. *See, e.g., Reeves v. MCI Telecommunications Corp.,* 909 F.2d 144, 145 (5th Cir.1990). Accordingly, the Court finds that the Plaintiff's Title VII claims relating to denial of promotion or termination have been improperly brought, and the Defendant is entitled to summary judgment on these claims.

### B. *Plaintiff's Retaliation Claim*

The Plaintiff filed a subsequent Title VII charge (FEPA No. 650–93–175 and EEOC No. 36A–93–0175), alleging that the Defendant retaliated against him for the filing of his past discrimination charges by providing negative references to the Internal Revenue Service, a prospective employer of the Plaintiff.[2]

#### 1. *Standing*

 At the outset, the Defendant contends that there is no evidence that this action has been timely filed. A Title VII action must be filed within 90 days of the receipt of the right to sue letter. 42 U.S.C. § 2000e–5(f); *Berry v. Cigna/RSI–Cigna,* 975 F.2d 1188 (5th Cir. 1992). The Defendant claims that, due to an admission during discovery by the Plaintiff that he cannot say with certainty when he received his right to sue letter, the Plaintiff cannot show that his suit was timely filed and therefore this action should be dismissed.

---

**1.** Under Title VII, it is unlawful for any employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1) (1988).

**2.** 42 U.S.C. § 2000e–3(a) provides, in relevant part:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice ... or because he has made a charge (relating to the occurrence of an unlawful employment practice).

However, in the Plaintiff's Response to the Defendant's Motion for Summary Judgment, the Plaintiff affirmatively states that he received a right to sue letter regarding this complaint on June 10, 1993. A copy of the right to sue letter is attached to his response, dated June 10, 1993. The record indicates that the Plaintiff instituted this action in this Court on September 8, 1993. Therefore, consistent with proper summary judgment review, the Court resolves this disputed fact issue in favor of the non-movant and finds that the Plaintiff's Title VII complaint regarding retaliation was timely filed.

■ The Defendant also questions whether the Plaintiff has standing to bring his retaliation claim, in light of the fact that he is no longer employed by the Defendant. As noted *supra*, Title VII makes it unlawful

> for an employer to discriminate against any of his ***employees*** ... because he has opposed any practice made an unlawful employment practice ... or because he has made a charge under this subchapter.

42 U.S.C. § 2000e–3(a) (emphasis added).

The Defendant contends that since the Plaintiff was not an employee of the Defendant at the time the negative job reference was provided, then under the literal terms of the above-quoted Title VII provision, no violation could have occurred. There is a split of federal authority on this issue, with no definitive statement by the Fifth Circuit. The Fourth and Seventh Circuits have given the anti-retaliation provision of Title VII a narrow, literal reading. *See Polsby v. Chase,* 970 F.2d 1360, 1365 (4th Cir.1992), *vacated sub nom. Polsby v. Shalala,* —— U.S. ——, 113 S.Ct. 1940, 123 L.Ed.2d 646 (1993) and *Reed v. Shepard,* 939 F.2d 484, 492–93 (7th Cir.1991). Relying on the express terms of the statute, the Seventh Circuit observed:

> The statute specifically indicates that it is unlawful for an employer to retaliate against an employee or an applicant for employment. No mention is made of former employees. Given that Congress considered it necessary to add "applicant for employment" as a person distinct from an

"employee" to be protected from retaliation, Congress could certainly have also included a former employee if it had desired.

*Polsby,* 970 F.2d at 1365. The court in *Polsby* also examined the description of employment practices covered under the act, as well as the remedies afforded a successful Title VII plaintiff and concluded that "Title VII provides no cause of action against a former employer by an ex-employee for acts of retaliation after the employment had ended." *Id.; see also Reed,* 939 F.2d at 493 (concluding events subsequent to and unrelated to employment do not constitute actionable retaliation under Title VII).

However, the majority of circuits addressing this issue have interpreted "employee" to include a former employee. *See Charlton v. Paramus Board of Educ.,* 25 F.3d 194 (3rd Cir.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994); *Bailey v. USX Corp.,* 850 F.2d 1506 (11th Cir.1988); *Pantchenko v. C.B. Dolge Co.,* 581 F.2d 1052 (2d Cir.1978); *Rutherford v. American Bank of Commerce,* 565 F.2d 1162 (10th Cir.1977). The rationale behind these decisions is based primarily upon policy considerations, particularly the broad remedial purpose of the act and that fear of unremediable post-employment reprisals would chill Title VII claims for discriminatory discharges. *See Charlton,* 25 F.3d at 200.

As indicated *supra,* the Fifth Circuit is yet to address this precise issue. However, the Fifth Circuit has considered a similar question arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. *See E.E.O.C. v. Cosmair, Inc.,* 821 F.2d 1085 (5th Cir.1987). In *Cosmair,* the plaintiff alleged his employer terminated his severance benefits in retaliation for the plaintiff's filing of age discrimination charges against his employer, in violation of the anti-retaliation provision of the ADEA (29 U.S.C. § 623(d)).[3] On appeal, the defendant argued that the plaintiff, being no longer its employ-

---

3. The ADEA protects from retaliation "employees or applicants for employment." 29 U.S.C. § 623(d). An "employee" is defined as "an indi-

vidual employed by any employer." *Id.* at § 630(f).

ee, could not raise retaliation claims. The Fifth Circuit rejected this argument stating:

> The term "employee," however, is interpreted broadly: it includes a former employee so long as the alleged discrimination is related to or arises out of the employment relationship.

*Cosmair,* 821 F.2d at 1088.

In support of its conclusion that the plaintiff was still entitled to protection from retaliation by his former employer under the ADEA, the court cited to *Pantchenko v. C.B. Dolge Co.* and *Rutherford v. American Bank of Commerce,* which, as noted above, are decisions by the Second and Tenth Circuits respectively that hold that former employees have standing to sue under the anti-retaliation provision of Title VII. Such reliance by the Fifth Circuit is sufficient indicia for this Court to conclude that the Fifth Circuit would, if squarely confronted with the question, join the majority of circuits and hold that Title VII does provide a cause of action against a former employer by an ex-employee for acts of retaliation after the employment had ended. The Court therefore concludes that a plaintiff may file a Title VII retaliation action against a previous employer for retaliatory conduct occurring after the end of the employment relationship when the retaliatory act is in reprisal for a protected act within the meaning of 42 U.S.C. § 2000e–3(a) and arises out of or in relation to the employment relationship; accordingly, the Court finds that this action has been properly brought before the Court.

### 2. *Merits of the Plaintiff's Retaliation Claim*

■ To establish a Title VII retaliation claim, the Plaintiff must prove: (1) that he engaged in activity protected by Title VII; (2) that an adverse employment action occurred; and (3) that a causal connection existed between the participation in the protected activity and the adverse employment action. *Anderson v. Douglas & Lomason Co., Inc.,* 26 F.3d 1277, 1300 (5th Cir.1994); *Shirley v. Chrysler First, Inc.,* 970 F.2d 39, 42 (5th Cir.1992). Once a plaintiff establishes a prima facie case, the employer bears the burden of articulating some legitimate,

nondiscriminatory reason for its action. *Anderson,* 26 F.3d at 1300. If the defendant does so, the employee bears the ultimate burden of showing that the reasons given by the employer were a pretext for retaliation. *Id.* It should be noted that to prove a claim for retaliation, a plaintiff is required to demonstrate that "but for" the protected activity, he would not have suffered the adverse employment action. *Shirley,* 970 F.2d at 43; *Jack v. Texaco Research Ctr.,* 743 F.2d 1129, 1131 (5th Cir.1984).

■ There is no dispute as to the first of the above-named elements, that is, the Defendant does not contest that the Plaintiff filed a Title VII charge of discrimination with the Austin Human Rights Commission relating to his termination from employment with the Defendant. The record also indicates that "an adverse employment action occurred," namely, the Defendant gave a negative reference regarding the Plaintiff to a prospective employer of the Plaintiff. The remaining issue then is whether a causal connection exists between the Plaintiff's participation in protected activity and the negative reference by the Defendant.

First and foremost, the exact nature of the negative reference given by the Defendant should be noted. Pursuant to a standard request by the United States Internal Revenue Service, the Defendant completed a form in which the Plaintiff's prior job performance with the Defendant was evaluated. (Defendant's Exhibit D–2). The Defendant (through its representative Gwinn Chunn) checked boxes indicating the Plaintiff was "below average" in the categories of "quality of work," "judgment," "dependability," and "flexibility (Acceptance to change)." (Defendant's Exhibit D–2). On this form, the Defendant also noted that the Plaintiff "was terminated from his job here due to tardiness, *(sic)* insubordination." (Defendant's Exhibit D–2). In her affidavit, the Defendant's representative, Ms. Chunn, states that this evaluation was based upon her personal observations of the Plaintiff during his employment with the Defendant, as well as the Defendant's business records. No reference is made to any Title VII charges made by the Plaintiff. Finally, Ms. Chunn denies that

this evaluation was motivated by any malice or ill-will of the Defendant towards the Plaintiff, nor was it prompted by the Plaintiff's prior Title VII complaint.

The Plaintiff offers no evidence rebutting the Defendant's contentions, other than general allegations contained in his response that the reference given to the Internal Revenue Service was "erroneous" and that there was "no reasonable explanation for the reference given." (Plaintiff's Response at 2). Such allegations, without more, simply cannot permit the Court to find that the Plaintiff has demonstrated the existence of a causal connection between his participation in the protected activity and the adverse employment action. A plaintiff's self-serving, generalized testimony stating his subjective belief that discrimination occurred is insufficient to support a retaliation claim. *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir.1994); *see also Elliot v. Group Medical & Surgical Serv.*, 714 F.2d 556, 564 (5th Cir.1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2658, 81 L.Ed.2d 364 (1984) and *Little v. Republic Refining Co.*, 924 F.2d 93, 96 (5th Cir.1991). Further, the Court finds that, even if the Plaintiff had made the requisite prima facie showings, the Defendant has articulated legitimate, nondiscriminatory reason for its action. More specifically, the only evidence before the Court is that the Defendant was giving a prospective employer an appraisal of the Plaintiff's work performance based upon its observations and records. There is nothing in the record that could support a finding that this appraisal was motivated by malice or retaliatory intent, nor that the Defendant explanation of this appraisal was "pretextual." As the Plaintiff has failed to make his prima facie showings and to set forth specific facts showing the existence of a genuine issue for trial regarding his Title VII retaliation claim, the Court finds that the Defendant's Motion for Summary Judgment on this claim should be granted.

### C. *Plaintiff's Claim for Unpaid Commissions*

The Plaintiff's final claim is that the Defendant has failed to compensate him for unpaid commissions earned during his employ. After being terminated by the Defendant, the Plaintiff filed a claim with the Texas Employment Commission ("TEC") as to these unpaid commissions. As evidenced by Defendant's Exhibit 1 (a Preliminary Wage Determination Order issued by the TEC), the Plaintiff obtained a determination by the TEC that he was owed $3,450.00 by the Defendant for unpaid commissions. Furthermore, as admitted by the Plaintiff in his response to the Defendant's Request for Admissions Number 2, the Defendant has already paid him the $3,450.00 owing for unpaid commissions. Defendant's Exhibit C. As neither party requested a hearing to contest the TEC's preliminary wage determination order, this order became final for all purposes, and neither party is entitled to judicial review of the order. TEX.LABOR CODE ANN. § 61.055 (Vernon Pamph.1994). Accordingly, the Court finds that the Plaintiff's claim for unpaid commissions is without merit.

### IV. *CONCLUSION*

Based on the foregoing, the Court finds that the Plaintiff has failed to meet his burdens in presenting his Title VII claims and his claim for unpaid compensation. In light of these findings,

IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment, filed September 19, 1994 is hereby GRANTED.

ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED that any and all claims brought by the Plaintiff against the Defendant in the above-numbered and styled cause of action are hereby DISMISSED WITH PREJUDICE.

FURTHER, IT IS ORDERED, ADJUDGED AND DECREED that the above-numbered and styled cause is hereby DISMISSED WITH PREJUDICE.

FINALLY, IT IS ORDERED that any motions that remain pending in this cause are hereby TERMINATED AS MOOT.