Donald Wayne HULL, Appellant,

v.

Dicarlos DAVIS (Datasorsconsulting, L.L.C.) and Texas Workforce Commission, Appellees.

No. 14–05–00785–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 21, 2006.

Donald Wayne Hull, Houston, pro se.

Seth Orman Smith, Austin, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

Appellant, Donald Wayne Hull, appeals the trial court's judgment dismissing his suit against Dicarlos Davis (Datasorsconsulting, L.L.C.) ("Davis") and the Texas Workforce Commission ("TWC") for want of jurisdiction. Hull presents three issues on appeal. Finding the trial court properly granted TWC's plea to the jurisdiction, we affirm.

## BACKGROUND

Hull filed this lawsuit against Davis and TWC on September 15, 2004, for payment of wages allegedly incurred when Hull was contracted through Davis for the sale of DSL and residential phone services. Prior to the initiation of this suit, Hull filed a complaint for unpaid wages with TWC. TWC denied the claim on February 25, 2004. Hull filed an appeal of the preliminary wage determination order[1] ("PWDO") on June 4, claiming he moved and was supplying TWC with a new address. That appeal was denied and notification mailed to Hull on July 6. Hull then filed suit in the trial court.

Hull's original petition, entitled "Plaintiffs' Donald Wayne Hull [sic] Complaint On A Promissory Note Or Contract,"[2] names Davis, Datasorsconsulting LLC, and TWC as defendants and makes allegations under Chapter 61 of the Texas Labor Code. See TEX. LAB.CODE ANN. § 61.001 et seq. (Vernon 2006). In his petition, Hull demands payment of $1,660.00 from the defendants. Davis/Datasorsconsulting LLC answered the suit, and TWC separately answered with a general denial and the affirmative defense of sovereign immunity and asserted a plea to the jurisdiction. Hull responded to TWC's pleading and asserted (1) he had no intent of proceeding against TWC because his complaints are entirely against Davis, and (2) Hull possesses a common law claim for unpaid wages against Davis under the Texas Payday Law. Hull also filed a motion for continuance (entitled "Motion of Request To Postpon [sic] Trial") until such time as he would be released from prison and could

---

1. A preliminary wage determination order is issued by TWC after an individual claim has been investigated. TEX. LAB.CODE ANN. § 61.052(a) (Vernon 2006).

2. The petition states that it is based on a promissory note or contract, but there is no note or contract attached to the pleading.

attend any trial settings and adequately prepare.

The trial court held a hearing on July 11, 2005. During that hearing, Dicarlos Davis, representing himself and Datasorsconsulting, and counsel for TWC were present. The trial court proceeded without Hull's attendance because Hull was incarcerated and would remain so for two more years. The trial court first denied Hull's motion for continuance. The trial court then heard TWC's argument in support of its plea to the jurisdiction and granted the plea. Hull timely filed a notice of appeal.

## DISCUSSION

On appeal, Hull alleges the following errors by the trial court: (1) the trial court erred in failing to rule on Hull's motion for appointment of counsel; (2) the trial court erred in entering a final judgment against Davis, and the judgment was "silent;" and (3) the trial court erred in failing to award Hull $1,660 when Davis accepted Hull's complaint on a promissory note or contract. TWC makes several arguments in support of the trial court's granting of TWC's plea to the jurisdiction. Before turning to the merits of Hull's substantive argument, we must first determine whether the trial court correctly granted TWC's plea to the jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). If the trial court did not err in granting the plea, then it did not have jurisdiction over Hull's claims, including the issues he raises on appeal to this court.

## I. Standard of Review

TWC's plea to the jurisdiction was based on the Payday Law. *See* TEX. LAB.CODE ANN. § 61.001 *et seq.* (Vernon 2006). A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Whether the trial court properly granted a plea to the jurisdiction is a question of law, which we examine under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). The plaintiff has the burden to allege facts affirmatively demonstrating the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. In analyzing a plea to the jurisdiction, a court must not weigh the claims' merits and should consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). When considering a trial court's order on a plea to the jurisdiction, we first review the plaintiff's pleadings. *Id.* We construe the pleadings in the plaintiff's favor and look to the pleader's intent. *Id.* We take as true the facts pled in the plaintiff's petition in determining whether those facts support jurisdiction in the trial court, and we may review the entire record to determine if there is jurisdiction. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *see also Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 854 (Tex.2000). We should confine our review to the evidence relevant to the jurisdictional issue. *Bland*, 34 S.W.3d at 555.

When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Id.; Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804–05 (Tex. 1989). On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff

an opportunity to amend. *Brown,* 80 S.W.3d at 555.

## II. Did the trial court err in granting the plea to the jurisdiction based on the Payday Law?

■ An employee seeking unpaid wages from an employer may pursue a judicial action against the employer or may seek an administrative remedy as provided under the Payday Law. *Holmans, II v. Transource Polymers, Inc.,* 914 S.W.2d 189, 192 (Tex.App.—Fort Worth 1995, writ denied). Chapter 61 of the Labor Code sets forth the requirements of the Texas Payday Law. TEX. LAB.CODE ANN. §§ 61.001 *et seq.* (Vernon 2006). The administrative remedy prescribed by the Payday Law establishes authority in the Texas Workforce Commission to govern the payment of wages by employers. *Holmans,* 914 S.W.2d at 190 n. 1; *see* TEX. LAB.CODE ANN. §§ 61.001(1), 61.002. The statute provides for administrative review of claims and judicial review of final administrative decisions. *Holmans,* 914 S.W.2d at 190 n. 1; TEX. LAB.CODE ANN. §§ 61.052, 61.0525, 61.055, 61.062. The remedial scheme provided by the Payday Law does not preclude a claimant's ability to bring an action against an employer for unpaid wages, but only provides an alternative means for enforcement of wages, many of which would be too small to justify the expense of a civil lawsuit. *Wal–Mart Stores, Inc. v. Lopez,* 93 S.W.3d 548, 561 (Tex.App.—Houston [14th Dist.] 2002, no pet.); *Holmans,* 914 S.W.2d at 193. Should a claimant choose to file a claim under the statute, utilize its remedial scheme, and appeal the final administrative order, then the claimant is properly required to abide by the statute's

provisions. *Id.* No further remedy is permitted.

## III. Did Hull pursue a common law claim or an administrative remedy?

■ Hull argues his common law claim is not preempted by the Payday Law because (1) he is not seeking a remedy from TWC, and (2) he chose to pursue a judicial remedy against Davis. We disagree. First, a review of Hull's pleadings suggests he is seeking judicial relief from an administrative decision under the Payday Law, and thus, TWC should be made a defendant in the suit. *See* TEX. LAB.CODE ANN. § 61.062 (requiring a claimant seeking judicial review of the TWC's preliminary wage determination order to name TWC and any other party proceeding before the TWC as defendants in the suit).[3] Hull's arguments in his reply brief and his responsive pleading to TWC's original answer and plea to the jurisdiction clearly indicate Hull does not believe TWC should be involved in the suit against Davis and should not be able to effectively remove jurisdiction from the trial court. Hull, however, brought this suit pursuant to the Texas Payday Law, as referenced by the style of the case and the following statement in his original petition: "This is an [sic] civil action complaint on a promissory note or contract under the Texas Payday Law." Hull demanded judgment against Davis and TWC for $1,660.00 and commissions. Even though Hull's secondary arguments are that he did not intend to file suit against TWC directly, his initial actions to name TWC as a defendant and reference the Payday Law in his first pleading suggest Hull initially intended to seek judicial review under the Payday Law

---

**3.** The Payday Law provides for the waiver of sovereign immunity to suit when it requires a party seeking judicial review of an administrative remedy to make the TWC a defendant

in the lawsuit. *Kshatrya v. Tex. Workforce Comm'n,* 97 S.W.3d 825, 830 (Tex.App.—Dallas 2003, no pet.).

and appeal the administrative ruling of the TWC.

■ By initiating and proceeding first with an administrative remedy under the Payday Law, Hull chose to forego his purely common law causes of action and elected the alternative remedy provided by the Payday Law. A party may not initially elect one remedy and then choose the other remedy when dissatisfied with the first result. *See Holmans,* 914 S.W.2d at 194. Hull simply cannot have it both ways. Had Hull wanted to pursue his common law remedies, he would have been required to withdraw his claim with the TWC before the commission's decision became final. *See id.*

### IV. Did Hull exhaust his administrative remedies under the Payday Law?

■ Having found Hull elected to pursue an administrative remedy to recover wages from Davis, we now consider whether Hull exhausted those administrative remedies before seeking judicial review. After commencing a claim under the Payday Law, a claimant must exhaust all administrative remedies before seeking appellate relief in the trial court. *See* TEX. LAB.CODE ANN. § 61.062(a). Otherwise, the trial court lacks jurisdiction to hear the claim. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex.2002); *Kshatrya v. Tex. Workforce Comm'n,* 97 S.W.3d 825, 831 (Tex.App.— Dallas 2003, no pet.); *Holmans,* 914 S.W.2d at 191–92. Abiding by the time limits of the Texas Payday Law is mandatory. *See* TEX. LAB.CODE ANN. §§ 61.051, 61.054, 61.062. When a statute requires performance of an act within a certain specified time, that period of time will not be extended unless the statute so provides. *Tex. Employment Comm'n v. Ortiz,* 574 S.W.2d 213, 214 (Tex.1978).

■ TWC contends Hull did not exhaust all administrative remedies before seeking judicial relief when he did not appeal the preliminary wage determination order ("PWDO") as required by Section 61.054. *See* TEX. LAB.CODE ANN. § 61.054. Section 61.054 requires a claimant to seek a hearing before a wage claim appeal tribunal to appeal a PWDO within twenty-one (21) days after the date the commission examiner mails notice of the PWDO. TEX. LAB.CODE ANN. § 61.054(b). If a hearing is not sought within that time limit, then the order becomes final, and neither party is entitled to judicial review. TEX. LAB.CODE ANN. § 61.055. The record reflects the original PWDO was mailed on February 25 and Hull does not dispute this date on appeal; therefore, an appeal must have been filed by March 17. A copy of the original PWDO does not appear in the record, but the record does contain a copy of TWC's "Decision on Motion for Rehearing From Payday Law Decision" mailed to Hull on July 6, 2004. In the rehearing decision, TWC concluded Hull untimely filed for an appeal hearing by waiting to file until June 4. TWC dismissed the rehearing because Hull did not timely file his appeal. Because Hull did not timely file for an appeal hearing within the twenty-one day time frame, the original decision mailed on February 25 became the final order of TWC for all purposes, and Hull was precluded from judicial review. *See* TEX. LAB.CODE ANN. § 61.055; *see also Fields v. Phillips Sch. of Bus. and Tech.,* 870 F.Supp. 149, 154 (W.D.Tex.1994) ("As neither party requested a hearing to contest the … preliminary wage determination order, this order became final for all purposes, and neither party is entitled to judicial review."). Hull failed to exhaust his administrative remedy and forfeited judicial review.

Hull's petition attempts to assert common-law claims for breach of contract and suit on a promissory note.[4] Hull's pleading is an attempt to recharacterize and reassert the same claim for unpaid wages initially brought against Davis under the Payday Law. Having chosen to pursue a remedy under the Payday Law, Hull was obligated to exhaust his administrative remedies before seeking judicial review. *See* Tex. Lab.Code Ann. §§ 61.055, 61.062(a); *Holmans*, 914 S.W.2d at 193–94. He failed to do so. Section 61.055 provides:

If neither party requests a hearing to appeal a preliminary wage determination order within the period prescribed by Section 61.054, the order becomes the final order of the commission for all purposes, and neither party is entitled to judicial review of the order under this subchapter.

Tex. Lab.Code Ann. § 61.055.

Based on the unambiguous language of the statute, neither party is entitled to judicial review of the commission's final order. *See id.* Hull cannot sidestep the plain language of the statute by simply reasserting his claim for unpaid wages as a common-law claim for breach of contract or suit on a promissory note. *See 11th St. Bingo Assoc. v. Simonson*, No. 13–02–399–CV, 2004 WL 1117161, at *2–3 (Tex. App.-Corpus Christi May 20, 2004, no pet.) (mem. op.) (trial court lacked subject matter jurisdiction over common-law debt action where claimant chose to pursue remedy under Payday Law and failed to exhaust administrative remedies); *Igal v. Brightstar Info. Tech. Group, Inc.*, 140 S.W.3d 820, 822–24 (Tex.App.-Eastland 2004, pet. granted) (TWC's final decision that Payday claim was not timely filed

precluded former employee from asserting common-law breach of contract claim for unpaid wages); *Holmans*, 914 S.W.2d at 193–94 (wage claimant who chooses to pursue remedy under Payday Law must comply with statutory provisions before pursuing common law remedies).

## V. Did Hull waive any complaint on the trial court's failure to rule on his request for appointed counsel?

■ In his first issue, Hull complains of the trial court's failure to rule on his motion for appointed counsel. After a diligent search of the entire record, we could not find any type of motion presenting a request for appointed counsel to the trial court or a ruling by the trial court denying such a request if one was made. Therefore, appellant has failed to preserve this issue for our review. Tex.R.App. P. 33.1. We overrule appellant's first issue.

## CONCLUSION

Because Hull first proceeded against Davis under the Texas Payday Law, he was required to fully exhaust that administrative remedy before seeking judicial review. Hull failed to seek an appeal hearing, as required by Section 61.054 of the Payday Law, precluding judicial review. *See* Tex. Lab.Code Ann. §§ 61.054–.055. Accordingly, the trial court lacked subject matter jurisdiction to consider Hull's claims and properly dismissed Hull's suit for want of jurisdiction. Having affirmed the trial court's dismissal of Hull's suit for want of jurisdiction, we need not address appellant's remaining issue as it does not address the trial court's jurisdiction. We affirm the judgment of the trial court.

---

**4.** Hull's Petition states: "This is an [sic] civil action complaint on a promissory note or contract under the Texas Payday law." No promissory note or contract is attached to the pleading.

KEM THOMPSON FROST, Justice, concurring.

I respectfully concur in the court's judgment but I disagree with parts of the majority's analysis.

The trial court correctly determined that it had no jurisdiction over defendant/appellee Texas Workforce Commission ("TWC"), as noted in the majority opinion. However, appellant Donald Wayne Hull's petition also includes a claim against defendant/appellee Dicarlos Davis/Datasorsconsulting, L.L.C. (hereinafter "Davis") for breach of a promissory note. Construing the petition liberally and in Hull's favor, this claim is not covered by the Texas Payday Law. Although the trial court improperly rendered a take-nothing judgment on this claim, Hull has not briefed any argument complaining of this disposition. Therefore, even though this court relies on the wrong rationale, it reaches the right result in affirming the trial court's judgment.

## Hull's Claims against TWC and His Texas Payday Claim against Davis

The court correctly affirms the trial court's dismissal for lack of jurisdiction as to Hull's claims against TWC and Hull's Texas Payday claim against Davis, but the court errs in determining that all of Hull's claims against Davis are Texas Payday claims. *See ante* at pp. 462, 465. Hull's original petition, entitled "Plaintiffs' Donald Wayne Hull [sic] Complaint On A Promissory Note Or Contract,[1]" names Davis and TWC as defendants. In this petition, Hull not only makes allegations under Chapter 61 of the Texas Labor Code,[2] but also states in this pleading that his suit includes "an [sic] civil action complaint on a promissory note or contract under the Texas Payday Law." Because no special exceptions were asserted or sustained as to Hull's petition, this court should construe Hull's petition liberally and in his favor. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000). Giving Hull's pleading this liberal construction, Hull asserts a claim against Davis for beach of a promissory note, a claim not covered by the Texas Payday law and, as explained below, one the trial court did not dismiss on jurisdictional grounds.

## Hull's Other Claims

Although the trial court granted TWC's plea to the jurisdiction and dismissed Hull's claims against TWC for lack of jurisdiction, it rendered judgment that Hull "take nothing against [Davis]" on the other claims. The majority ignores this fact and instead acts as if the trial court dismissed all claims on jurisdictional grounds when, in fact, the trial court disposed of the note claim against Davis on substantive grounds. On appeal, Hull has not briefed any argument challenging the "take nothing" part of the trial court's judgment. In his second issue, however, Hull contends that the trial court erred in rendering a final judgment against him and that the final judgment is defective because it is "silent" as to the disposition of his claims against Davis. Hull's argument fails because the judgment is not silent regarding his claims against Davis. In the judgment, the trial court clearly ordered that Hull take nothing as to these claims.

After reviewing all of Hull's appellate brief and presuming that Hull preserved

---

1. The petition states that it is based on a promissory note or contract, but there is no note or contract attached to the pleading.

2. *See* TEX. LAB.CODE ANN. § 61.001 *et seq.* (Vernon 2006).

error regarding the take-nothing judgment, Hull has waived any complaint regarding this part of the judgment by failing to present argument, authorities, and record citations supporting his contentions. *See* Tex.R.App. P. 38.1(h). Texas Rule of Appellate Procedure 38.1(h) requires that appellate briefs "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* Appellate courts must construe the Texas Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex.2004). Nonetheless, Hull's appellate brief fails to satisfy even this very liberal standard. *See San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323, 338 (Tex.App.-Houston [14th Dist.] 2005, no pet.). Therefore, this court should affirm the trial court's judgment as to Davis on the basis that the trial court rendered a take-nothing judgment on Hull's claims against Davis and Hull has not briefed any appellate argument challenging this judgment.

### Conclusion

In sum, today the court correctly affirms the trial court's dismissal for lack of jurisdiction as to Hull's claims against TWC and Hull's Texas Payday claim against Davis, but the majority misses the mark in its analysis as to Hull's promissory-note claim against Davis. Nonetheless, for the reasons explained above, the court reaches the correct result in affirming the trial court's judgment.