Opinion issued July 26, 2012



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-10-00951-CV

——————————

**COLLEEN CONRAD FONTE, Appellant**

**V.**

**CBRCC, INC., A/K/A COURTEMANCHE & ASSOCIATES, Appellee**

---

On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2010-27527

---

## MEMORANDUM OPINION

To recover unpaid wages and unreimbursed business expenses, Colleen Conrad Fonte sued her former employer, Courtemanche & Associates, for breach of contract. The trial court dismissed her case.

In two issues, Fonte contends that the trial court erred by (1) granting Courtemanche's plea to the jurisdiction and dismissing her suit for lack of jurisdiction and (2) dismissing her suit with prejudice. We reverse and remand.

## Background

Fonte executed an Employment Agreement with Courtemanche in September 2008, and began working as a full-time Consulting Associate. By May 2009, the company's financial situation compelled Courtemanche to reduce both the hours and compensation of all of its consultants and staff by fifty percent. Even more cuts were required, however, and on June 29, 2009 Courtemanche informed Fonte that her employment was terminated effective the next day.

On October 27, 2009, Fonte filed a Payday Law wage claim with the Texas Workforce Commission (TWC) seeking $22,756.41 in unpaid wages per her Employment Agreement. *See* TEX. LAB. CODE ANN. §§ 61.001–.095 (West 2006 & Supp. 2011). Courtemanche's objection to TWC's jurisdiction to hear the claim argued: "Employer's principal place of business is in Charlotte, North Carolina and Claimant serviced Employer's clients in many states but not in Texas. Therefore, it is Employer's position that the Texas Payday Law is not applicable in this matter and the Texas Workforce Commission has no jurisdiction in this matter."

On April 30, 2010—while her Payday Law wage claim still pending—Fonte filed suit against Courtemanche for breach of her Employment Agreement seeking

2

$22,756.41 in unpaid wages and $9,000.00 in unreimbursed business expenses. Ten days later, TWC issued a Preliminary Wage Determination Order (PWDO) sustaining Courtemanche's objection and dismissing Fonte's Payday Law claim for lack of jurisdiction. Requesting an administrative hearing, Fonte challenged the PWDO and, following an evidentiary hearing on July 7, the special hearing officer found that TWC had jurisdiction.

As Fonte awaited her July 7th TWC hearing, however, Courtemanche, on June 7, filed its answer and denial in the civil suit. With the TWC's jurisdiction of the Pay Day Wage claim established, Courtemanche, on July 19, then filed its plea to the jurisdiction and motion to dismiss arguing lack of jurisdiction because, prior to filing her suit, Fonte pursued the same damages via the TWC. The trial court granted Courtemanche's plea to the jurisdiction and dismissed the case with prejudice on August 4, 2010. Fonte filed a timely motion for new trial and motion to modify judgment, which the trial court denied on September 23, 2010. This appeal followed.

## Did Fonte's Pending Payday Law Claim
## Deprive the Trial Court of Subject-Matter Jurisdiction?

Citing to *Igal v. Brightstar Information Technology Group, Inc.*, 250 S.W.3d 78 (Tex. 2008), Fonte argues that her pending Payday Law claim did not deprive the trial court of subject-matter jurisdiction. In *Igal* the Texas Supreme Court held that a final decision from the TWC bars a common-law claim for the same wages

based upon the doctrine of res judicata. 250 S.W.3d at 78. Courtemanche argues that because Fonte has no final decision from the TWC, *Igal* is inapplicable and moreover, *Igal* does not support Fonte's argument that *only* res judicata—not subject-matter jurisdiction—can bar common-law claims under these circumstances.

Our Court addressed this issue in *UL, Inc. v. Pruneda*, No. 01-09-00169-CV, 2010 WL 5060638 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.) (mem. op.). Defendants there argued that because the plaintiff first obtained a final decision from TWC on his claim for unpaid commissions, (1) he was barred from subsequently pursuing his common-law claim for the same unpaid commissions in civil court based upon the affirmative defense of res judicata, citing to *Igal*, and (2) TWC's final decision deprived the trial court of subject-matter jurisdiction over plaintiff's common-law claims. Although we agreed that such claims could be barred under *Igal* based upon res judicata, we disagreed with the defendants' contention that once a claimant pursued his claim to a final determination or judgment, by either TWC or a court of law, he was *jurisdictionally* barred from proceeding in the other forum. We stated: "The Texas Supreme Court's analysis in *Igal* demonstrates that a claimant, who has pursued an administrative claim with TWC to a final wage determination, is barred by res judicata, not by some jurisdictional impediment to pursuing common-law claims in

4

a court of law." *Pruneda*, 2010 WL 5060638, at *7. Thus, under *Igal*, Fonte's pending Payday Law claim is not a jurisdictional bar that prevents her from proceeding with her common-law claims. *See id.*

Courtemanche further argues that case law precludes Fonte from pursuing both an administrative Payday Law claim and a civil suit simultaneously. Although the cites of neither party expressly address the issue of the simultaneous pursuit of administrative and civil claims for the same unpaid wages, such simultaneous proceedings are, however, inconsistent with the judicially-created doctrine of primary jurisdiction, *see* RONALD L. BEAL, TEXAS ADMINISTRATIVE PRACTICE AND PROCEDURE § 5.5.9, at 41–45 (2010), which operates to allocate power between courts and agencies when *both* are vested with concurrent original jurisdiction over a dispute. *See also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (citing *Foree v. Crown Cent. Petroleum Corp.*, 431 S.W.2d 312, 316 (Tex. 1968)). An agency has primary jurisdiction over a dispute when both the agency and the courts have authority to make an initial determination, and the trial court defers to the agency to decide the issue because (1) the agency has expertise in handling the complex problems in the agency's purview and (2) great benefit is derived from the agency uniformly interpreting its laws, rules, and regulations. *Subaru*, 84 S.W.3d at 221. "If the primary jurisdiction doctrine requires a trial court to defer to an agency to make an

5

initial determination, the court should abate the lawsuit and suspend finally adjudicating the claim until the agency has an opportunity to act on the matter." *Id.* While Fonte argued for abatement for the first time in her motion for new trial, citing to *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 208 (Tex. 2002) and *Subaru*, 84 S.W.3d at 220–22,[1] the parties never raised the issue of primary jurisdiction before the trial court.

Courtemanche further argues that Fonte's pending Payday Law claim deprives the trial court of subject-matter jurisdiction over her common-law claims citing to *Hull v. Davis*, 211 S.W.3d 461, 466 (Tex. App.—Houston [14th Dist.] 2006, no pet.) and *11th Street Bingo Ass'n v. Simonson*, No. 13-02-399-CV, 2004 WL 1117161, at *2–3 (Tex. App.—Corpus Christi May 20, 2004, no pet.) (mem. op.). As this Court noted in *Pruneda*, however, neither court of appeals had the benefit of the Supreme Court's analysis and decision in *Igal*. *Pruneda*, 2010 WL 5060638, at *7 n.1.

Accordingly, Fonte's pending Payday Law Claim does not deprive the trial court of subject-matter jurisdiction over her common-law claims for the same wages under *Igal* and its progeny, *Pruneda*. The trial court—without the benefit of this Court's analysis and reasoning in *Pruneda* at the time it made its ruling—erred

---

[1]    Although it is referred to as "primary jurisdiction," the doctrine is in fact prudential, not jurisdictional. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002).

in granting Courtemanche's plea to the jurisdiction and dismissing her suit for lack of jurisdiction. We sustain Fonte's first issue.

Having sustained her first issue, Fonte's second issue is moot.

## Conclusion

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.


Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

7