**Opinion filed July 21, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00246-CV

_____

## CHRISTINE COOPER, Appellant

## V.

## TEXAS WORKFORCE COMMISSION AND CANIDAE CORPORATION, Appellees

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV-20-01-048**

### M E M O R A N D U M   O P I N I O N

This is an appeal from the grant of a plea to the jurisdiction. Appellant, Christine Cooper, sued the Texas Workforce Commission (the TWC) and her former employer, the Canidae Corporation (Canidae), seeking judicial review of the TWC's administrative decision in which it denied her claim for unpaid wages.[1] *See generally* TEX. LAB. CODE ANN. § 61.062 (West 2021). Appellees, the TWC and Canidae, filed a joint plea to the jurisdiction on the grounds that Appellant's failure

---

[1]We note that Appellant filed an amended petition, in which she asserted an additional claim against Canidae under the Fair Labor Standards Act. *See* 29 U.S.C. § 207. The trial court subsequently severed Appellant's federal claim from the underlying suit when it granted Appellees' plea and dismissed Appellant's administrative wage claim for lack of subject-matter jurisdiction.

to comply with the requisite statutory filing deadlines to pursue an administrative appeal (1) rendered the TWC's preliminary wage determination order final and (2) precluded her entitlement to judicial review. Following a hearing, the trial court granted Appellees' plea and dismissed Appellant's suit for judicial review on the ground that it lacked subject-matter jurisdiction. This appeal followed.

In three issues, Appellant challenges the trial court's grant of Appellees' plea to the jurisdiction. First, Appellant contends that the TWC's practice of failing to affirmatively state the date of mailing on a preliminary wage determination order violates due process. Second, Appellant contends that the TWC violated its own policy and procedural rule by failing to offer proof of mailing in the form of a postmark. *See* LAB. § 61.002(a)(2); 40 TEX. ADMIN. CODE § 821.42 (Tex. Workforce Comm'n, Timeliness). Third, Appellant contends that the TWC violated legislative directives by failing to affirmatively state the date on which its preliminary wage determination order was mailed. *See* LAB. § 61.052. We affirm.

## I. *Procedural Background*

Appellant worked for Canidae from 2015 to 2019. Following her resignation, in 2019, Appellant filed a pro se administrative wage claim with the TWC. Pursuant to the Texas Payday Law, Appellant claimed that Canidae owed her $120,000—the amount of a bonus that she had allegedly been promised—in unpaid wages.

The TWC issued its preliminary wage claim determination in a letter dated August 21, 2019.[2] The letter did not expressly indicate that August 21 was the date it was mailed. In the preliminary wage determination order, the TWC concluded that Appellant was not entitled to the amount she had claimed for unpaid bonuses, stating that "[the] Texas Payday Law provides that bonuses are due for payment according to the terms of the bonus agreement. No record of a bonus agreement can

---

[2]The record indicates that the TWC initially issued a preliminary wage claim determination letter on August 20; however, because that letter "contained a typographical error," the TWC issued a revised letter the following day that superseded the August 20 preliminary wage claim determination order.

be substantiated." On September 12, Appellant electronically submitted an appeal of the TWC's preliminary wage claim determination. In a letter indicating "Date Mailed: October 10, 2019," the TWC dismissed Appellant's appeal as untimely.

On October 24, Appellant wrote to the TWC and requested that "[her] appeal be considered to have been filed or mailed within the statutory period prescribed by law." Appellant additionally explained that:

> The date the preliminary wage determination was mailed was August 21, 2019 and the date [Appellant] submitted [her] appeal was September 12, 2019. This is exactly 21 days from the day after the [. . .] determination letter was mailed. If [Appellant] failed to file this appeal timely, as you have indicated, it would be by one day, which is the day that [she] considered to be the day after, as stated in the [TWC's] directions.

In a letter that indicated January 14, 2020, as the date of mailing, the TWC responded to Appellant and upheld its dismissal of Appellant's wage-claim appeal.

Appellant filed suit against the TWC and Canidae in the district court on January 30. Appellant alleged that (1) during her employment with Canidae, one of Canidae's managers had asked her to work additional hours to perform due diligence on the possible sale of company assets; (2) she did not receive compensation for the extra hours worked but, instead, was promised a bonus in excess of $100,000 if the contemplated transaction occurred; and (3) Canidae wrongfully denied Appellant's bonus after the contemplated transaction had occurred. Appellant additionally alleged that the TWC wrongfully denied her administrative claim for unpaid wages. Appellees subsequently filed a joint plea to the jurisdiction, asserting that, in the absence of a timely filed administrative appeal, the TWC's preliminary wage claim determination had become final and was not appealable. Following the hearing on Appellees' plea, the trial court issued a letter opinion and subsequently signed a final judgment dismissing Appellant's judicial-review action for lack of subject-matter jurisdiction.

## II. *Standard of Review*

Before a court may dispose of a case, it is essential that the court possess subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea to the jurisdiction is a dilatory plea and a proper method by which to challenge a trial court's subject-matter jurisdiction. *Id.* at 554. Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo. *Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)); *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

The purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied). When the plea challenges the existence of jurisdictional facts, as in the case before us, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim. *Clark*, 544 S.W.3d at 770–71 (citing *Blue*, 34 S.W.3d at 555). In such cases, the standard of review mirrors that of a traditional summary judgment. *Id.* at 771 (citing *Miranda*, 133 S.W.3d at 225–26).

Thus, if the plaintiff's factual allegations are challenged with supporting evidence necessary to the consideration of the plea to the jurisdiction, the plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject-matter jurisdiction and avoid dismissal. *Id.* (citing *Miranda*, 133 S.W.3d at 221). When we determine whether a material fact issue exists, "we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.* We cannot, however,

disregard evidence that is necessary to show context; nor can we disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not.  *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 811–12, 822–23, 827 (Tex. 2005)).

## III.  *Analysis*

Chapter 61 of the Labor Code—commonly referred to as the Texas Payday Law—provides for an administrative process with authority vested in the TWC to review the payment of wages by employers.  *See* LAB. §§ 61.001–.095; *see also Pipes v. Hemingway*, 358 S.W.3d 438, 448 (Tex. App.—Dallas 2012, no pet.). Chapter 61 also prescribes an administrative remedy for unpaid wages.[3]  Pursuant to the Texas Payday Law, an employee who has been denied wages may file a claim with the TWC for the amounts that are due and unpaid.  LAB. § 61.051(a).  The Texas Payday Law also provides a scheme for (1) the administrative review of wage-claim determinations and (2) timely filed requests for judicial review of the TWC's final administrative determinations.  *See id.* §§ 61.054–.058, .0612, .062.

The Chapter 61 administrative process requirements are mandatory and clearly defined.  As a matter of jurisdiction, a wage claim "*must* be filed [by the claimant] not later than the 180th day after the date the wages claimed became due for payment."  *Id.* § 61.051(c) (emphasis added).  If the claimant files her wage claim after the expiration of the 180-day deadline described by Section 61.051(c), "the examiner *shall* dismiss the wage claim for lack of jurisdiction."  *Id.* § 61.052(b-1) (emphasis added).  A claimant may file the wage claim by various methods under the statute, including "electronically in a manner designated by the [TWC] by rule."

---

[3]We note that an employee asserting a denial of wages may elect either to file an administrative claim with the TWC under Chapter 61 or to pursue a common-law breach-of-contract claim in district court. *See, e.g.*, *Haddix v. Am. Zurich Ins. Co.*, 253 S.W.3d 339, 351 (Tex. App.—Eastland 2008, no pet.) ("An employee seeking unpaid wages from an employer may pursue a judicial action against the employer or may seek an administrative remedy as provided under the Payday Law." (citing *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 192 (Tex. App.—Fort Worth 1995, writ denied))); *Abatement Inc. v. Williams*, 324 S.W.3d 858, 863–64 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 82, 87 (Tex. 2008)).

*Id.* § 61.051(d)(4). Each wage claim filed under the Texas Payday Law must be analyzed by an examiner. *Id.* § 61.052(a). "[I]f the [wage] claim alleges facts actionable under [the Texas Payday Law]," the TWC examiner *must* investigate the claim and thereafter issue a preliminary wage determination order that either (1) dismisses the wage claim or (2) orders the payment of wages in the amount determined to be due and unpaid. *Id.* § 61.052(a)(1)–(2). "The [TWC] examiner *shall* mail notice of the preliminary wage determination order to each party at that party's last known address, as reflected by commission records." *Id.* § 61.052(c) (emphasis added).

After the TWC investigates a wage claim and issues its preliminary wage determination order, either party to the dispute may appeal the TWC's order to a wage claim appeal tribunal and request a hearing before the tribunal. *Id.* § 61.054(a). The appealing party's request for a hearing must be submitted in writing to the TWC "*not later than the 21st day after the date the commission examiner mails the notice* of the preliminary wage determination order." *Id.* § 61.054(b) (emphasis added). Once a party timely requests the hearing provided for in Section 61.054, the wage claim appeal tribunal *must* thereafter mail a notice of the administrative hearing and, within forty-five days of the mailed notice, conduct a hearing. *Id.* § 61.057(a)–(b). As part of the administrative appeal process, the wage claim appeal tribunal has authority to "modify, affirm, or rescind a preliminary wage determination order." *Id.* § 61.059. Critically, however, "if neither party requests a hearing to appeal a preliminary wage determination order within [twenty-one days of the notice's mailing date], *the order becomes the final order* of the commission for all purposes, *and neither party is entitled to judicial review* of the order under this subchapter." *Id.* § 61.055 (emphasis added).

Thus, within the parameters of Chapter 61, a party's entitlement to judicial review of a wage claim determination is contingent upon and flows from that party's

proper and complete exhaustion of the administrative wage-claim review process and the remedies within the process that are available to them. "After a hearing, the wage claim appeal tribunal shall enter a written order for the payment of wages that the tribunal determines to be due or for the payment of any penalty the tribunal assesses." *Id.* § 61.060. From there, the Texas Payday Law provides for further review of the wage claim appeal tribunal's order within the administrative process. *See id.* §§ 61.0611–.0614. Only then, after the conclusion and exhaustion of the administrative review process, may a party appeal to a district court for judicial review of the TWC's wage determination. *Id.* § 61.062(a). For the reasons stated below, we hold that Appellant was not entitled to judicial review of the TWC's final administrative wage determinations.

Here, the TWC complied with its statutory obligations; Appellant did not. Appellant, following the issuance of the TWC's preliminary wage claim determination order, failed to timely request a hearing before a wage claim appeal tribunal within the statutory twenty-one-day deadline. *See id.* §§ 61.054(b). The record before us shows that the TWC's preliminary wage claim determination order was dated August 21 and, as Appellant acknowledged and conceded in her filings before the TWC, mailed to the parties on that same date. The record further shows that Appellant miscalculated the deadline to request a hearing before a wage claim appeal tribunal to challenge the August 21 preliminary wage determination order when she submitted her request one day late. Consequently, (1) the August 21 preliminary wage claim determination (which denied Appellant's claim) became the final order of the TWC "for all purposes," and (2) Appellant was not entitled to judicial review of this determination. *Id.* § 61.055.

Moreover, one's entitlement to judicial review is contingent on the aggrieved party's exhaustion of the administrative appeals process. *See id.* § 61.062(a). Because of Appellant's error, her wage claim was *finally resolved* at the preliminary-

wage-determination-order stage when no subsequent administrative appeals hearings occurred. In other words, Appellant's miscalculation prevented her from navigating through the administrative appeals process and exhausting that administrative remedy. As a result, and for that reason, judicial review of the wage claim determination by a trial de novo was unavailable to Appellant under the Texas Payday Law. *See id.* §§ 61.055, .062(a); *Hull v. Davis*, 211 S.W.3d 461, 465 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that because the appellant failed to appeal the preliminary wage determination order within the statutory twenty-one-day deadline, the appellant "failed to exhaust his administrative remedy and forfeited judicial review"). In light of this mistake, we cannot say that Appellant is a victim of either a violation of due process or any applicable legislative directive.

Because Appellant forfeited her right to judicial review of the wage claim determination when she failed to exhaust her administrative remedies—and because compliance with Chapter 61's administrative process requirements is jurisdictional—we hold that the trial court did not err when it granted Appellees' joint plea to the jurisdiction. Accordingly, we overrule Appellant's first, second, and third issues on appeal.

IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

July 21, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.